[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Tommy Marlow is appealing from the decision of the Dayton Municipal Court overruling his motion for 60(B) relief from a default judgment entered against him in the amount of $2,168.57 plus interest and costs.
On October 3, 1996, appellee, Wayne Mutual Insurance Co. filed a subrogation complaint against Marlow alleging damages caused by Marlow to an automobile owned by one of the appellee's insureds. Personal service was duly obtained. Just before expiration of the period allowed for filing an answer to the complaint, Marlow consulted attorney Barry S. Galen in Dayton, Ohio, who by telephone obtained a verbal thirty-day extension to file an answer. However, no answer was ever filed, and Mr. Galen has admitted that he neglected to file an answer "through mistake and inadvertence". (Appellant's brief, 3). At oral argument, however, Mr. Galen stated that he had been retained by Marlow initially only to explore coverage for Marlow by his own carrier, not to defend against the suit.
Over six months later, appellee filed for and obtained a default judgment against Marlow.
Over three months after the default judgment was obtained against him, Marlow, represented by Attorney Galen, filed a motion to vacate the judgment pursuant to Civ.R. 60(B)(1)(3)(5), claiming that he had "a meritorious defense to the action and the judgment herein was obtained by mistake and/or neglect of the Defendant's counsel for failure to defend the action or further plea." (Motion, 2, Docket 6). Plaintiff-appellee filed a response in opposition to the motion. A hearing was held on September 10, 1997, in which the appellant presented no evidence, but Marlow himself testified on cross-examination.
The undisputed facts of the matter are that Marlow, while operating the insured's car initially with permission, hit two parked cars and fled on foot from the scene of the accident. Furthermore, Marlow's own insurance carrier refused to provide coverage or defense for Marlow on the grounds, as stated in its letter to Marlow dated August 1, 1996, (Exhibit A2, Docket 9) "due to the fact that you [Marlow] were operating the vehicle involved without permission."
Following the hearing, the trial court issued the following decision overruling the motion for a 60(B) relief:
 This matter came before the court on September 10, 1997 pursuant to the defendant's 60(B) motion which was filed on July 23, 1997.
 Both parties filed memoranda in support of their positions and testimony was taken from the defendant, Tommy Marlow. In addition, the plaintiff submitted two exhibits in support of its argument against allowing the 60(B) motion.
 The court finds, from all of the evidence and arguments, that defendant's 60(B) should not be granted.
 The court has considered the defendant's general argument that defendant is entitled to his day in court, and the court has considered the plaintiff's general argument that the court's judgments and orders should have finality. See Cincinnati v. Cameron, 33 OS 336 and Cincinnati, H.D.R. Co. v. Sullivan, 32 OS 152.
 Under authority of GTE Automatic Electric, Inc. v. ARC Industries, Inc., 1 O.O.3d 86 (1976), a 60(B) motion will be granted if the movant demonstrates that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (15), and (3) the motion is made within a reasonable time . . . (emphasis added.)
 In the present case, the reasonableness of the time of the filing of the 60(B) motion is not an issue since the motion was filed well within the one year limit. Also movant has shown that he may be entitled to relief due to mistake and/or neglect, resulting in a failure to defend the action or further plead. Movant has not shown, however, that he has or would have a meritorious defense or claim to present if the 60(B) motion were granted.
 Movant's affidavit, attached to his motion, does not specify any defense to the underlying complaint. It merely states that as [sic] insurance company should "provide . . . a defense", meaning, furnish counsel to defend. Other factual matters alleged also go to the issue of whether the insurance companies should intervene on defendant's behalf. Furthermore, at the hearing no testimony was presented by defendant as to whether he had a defense to the underlying claim. Even a letter, purportedly sent by the defendant, was disavowed by the defendant when he explained he had not seen it before and that maybe his mother had written it. Even if the court were to consider this document, the gist of the letter is whether defendant was given permission to use the vehicle, not whether the defendant negligently operated the vehicle. (Plaintiff admits in its complaint that defendant had permission to operate the vehicle, but that he was acting outside the scope of permission.)
 Movant also argued at the hearing that the Default Judgment was incorrectly entered because notice was not timely given to the defendant.
 The court does not address this argument since it was not raised in defendant's motion. The defendant routinely denied receiving documents pertaining to this case. Apparently his mother received them and acted on some while ignoring others.
 For the foregoing reasons, defendant's motion is not granted. Plaintiff's judgment stands as entered.
The sole issue presented on appeal by Marlow is that the court erred in not granting the 60(B) motion because he had a meritorious defense. We agree that that is the sole issue on appeal, but we disagree that Marlow presented a meritorious defense, which is one of the three necessary conditions a party has to present in order to obtain relief under Rule 60(B), as noted by the trial court. A "meritorious defense" means a defense "going to the merits, substance, or essentials of the case" and for purposes of vacating a default judgment, it refers to allegations which, "if established on trial, would constitute a complete defense to the action. . . ." Blacks Law Dictionary, abridged, (6 Ed. Rev. 1991) 290. Marlow, in fact, never alleged a defense on the merits, only that he believed an insurance company would defend him. That is not a meritorious defense. An example of a meritorious defense in this case would be an allegation that he had a witness who would testify that, in fact, his hitting two parked cars was caused by another vehicle forcing him into the cars.
Marlow argues that his defense was his assertion that the owner's insurance would cover him as he was driving with the permission of the owner. The trial court did not find that any evidence for that defense was presented, and we find no abuse of discretion on its part. In fact, the only evidence before the court was the conclusion by Marlow's own carrier that he was driving without permission when he hit two parked cars.
As the Supreme Court of Ohio stated in Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 21:
 We are aware that Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result. Colley, supra, at 248, 18 O.O. 3d at 445, 416 N.E.2d at 609. However, the competing principle that litigation must be brought to an end is also pertinent here. Id. Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside.
The sole assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Edward A. Dark
Barry S. Galen
Hon. James F. Cannon