[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Defendant-appellant, Francesca D. Davis, appeals her conviction for failing to wear a seat belt, in violation of R.C. 4513.263. Appellant has filed a one-page brief that does not contain assignments of error. However, her brief appears to argue that the Ohio State Highway Patrol officer impermissibly stopped her solely to issue a citation for failure to wear a seat belt. Appellee did not file a brief. No transcript of the proceedings before the Portage County Municipal Court, Ravenna Division, has been filed, nor was an App.R. 9(C) (or (D) statement filed.
As appellant correctly argues, R.C. 4513.263(D) prohibits a law enforcement officer from stopping an automobile and/or inspecting the interior of an automobile for the sole purpose of determining whether seat belts were being worn as required by R.C.4513.263(B).
Unfortunately, appellant has not supplied this court with a transcript of the proceedings before the municipal court or an App.R. 9(C) or (D) statement. If appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19; Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197; Bucary v. Rothrock (July 13, 1990), Lake App. No. 89-L-14-046, unreported, at 3. We must presume the court had before it evidence that appellant was stopped for some reason other than her failure to wear a seat belt.[1]
In fact, the traffic citation reveals appellant was stopped at least in part for speeding. The officer wrote in the "REMARKS" section of the ticket "4511.21," which is the Revised Code section dealing with speeding. Moreover, in her brief, appellant states that she was told she was being stopped for going 68 mph in a 35 mph zone, although she denies exceeding the speed limit.
We would also note that appellant seems to challenge the fact that she may not be convicted of violating R.C. 4513.263(B) when she has not been cited for any other traffic violation.
We recently addressed this issue in State v. Stevenson (Dec. 26, 1997), Portage App. No. 97-P-0021, unreported, and concluded that the inquiry focuses on the purpose of the stop, not on the actual citation(s) issued. The defendant in Stevenson was not stopped solely for the seat belt violation for which he was cited, but was also stopped for failure to properly display a front licence plate, although he was not cited for it. We concluded the trial court did not err in finding the defendant guilty of violating R.C. 4513.263, and we affirmed the trial court's decision.
In summary, because the record does not demonstrate that appellant was stopped solely for a seat belt violation, R.C.4513.263(D) was not violated. Appellant's conviction under R.C.4513.263(B) is proper and is hereby affirmed. ______________________ JUDGE ROBERT A. NADER
FORD, P.J.,
CHRISTLEY, J., concur.
[1] We also presume the trial court had before it evidence that appellant was operating her automobile without wearing a seat belt, although appellant does not appear to challenge this aspect of the case.