OPINION
Plaintiff-Appellant Gregory L. Chester is appealing the final judgment of the Dayton Municipal Court, Small Claims Division, dismissing his case.
On January 2, 1997, Chester was hired as a salesman by Commsys, Inc. ("Commsys"), a computer networking integration company. Commsys terminated Chester on August 31, 1998. On February 9, 1999, Chester filed a claim for $3,000 against Commsys for wrongful discharge, withholding of his contact database, and non-payment of his health insurance. Chester's claim was heard before the court on March 10, 1999.
We note that the transcript of the trial court proceedings is only a partial transcript due to a recorder malfunction. The record does demonstrate that Chester was hired to expand Commsys' customer base, add to the company's customer and potential customer database, and provide quotes to customers for potential business. Prior to being hired by Commsys, Chester had developed a personal database containing 200 companies, which included 1,000 individual contacts within those companies. During his twenty months of employment with Commsys, Chester expanded the database to include 600 companies with 3,500 individual contacts.
John Widmeyer, sales manager and Chester's supervisor, testified that Chester was terminated on August 31, 1998 because he performed at 18% of his sales quota. After six months at Commsys, Chester's sales quota was reduced, however he was still unable to increase his performance level. Incidentally, Chester refused to sign Commsys' employment contract because it contained a clause which would give Commsys the customer database upon his termination.
During cross-examination, Widmeyer seemed to indicate that Commsys had planned to return the database after deleting the confidential information from the files. Widmeyer also conceded that a salesman's customer database was a valuable asset. Further, Widmeyer acknowledged his error for the premature termination of Chester's health insurance benefits, which had been reinstated retroactively.
The trial court filed a decision and entry on March 24, 1999, dismissing the case and finding that Chester had failed to prove his claims by a preponderance of the evidence. This appeal followed.
Chester filed his notice of appeal pro se on May 26, 1999. After Chester satisfied a show cause order for his untimeliness, we allowed his appeal on December 17, 1999. On January 4, 2000, Chester filed a letter to this court in lieu of a brief. As best we can discern from the letter, Chester contends that the trial court erred in not sustaining his claim of the wrongful withholding of his contact database after his termination. Commsys replied on February 15, 2000, stating that Chester was an employee at will and was terminated at will, and that Chester had failed to prove that the trial court had abused its discretion. In his reply, filed on February 25, 2000, Chester clarifies that he is not appealing his termination. According to Chester, he is appealing the trial court's failure to rule that Commsys had engaged in an "unlawful confiscation" of his personal database. Chester alleges that this confiscation resulted in his inability to offer the database as an asset to prospective employers, and therefore he had been forced to look for employment outside Dayton.
We cannot agree. Under the facts contained in the portion of the transcript available to us, there is nothing to indicate that the trial court abused its discretion in its judgment. Furthermore, Chester has failed to demonstrate error. A party challenging a trial court's judgment has the duty under App.R. 9(B) and 10(A) to properly file a record of the proceedings with the reviewing court to demonstrate its claims of error. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 200, 15 O. O.3d 218, 220.
Chester did not meet his burden to supply a complete transcript of the trial proceedings. Further, he failed to utilize other options which were available to him to overcome the lack of a complete transcript. App.R. 9(C) and (D). When a complete transcript is unavailable, App.R. 9(C) allows an appellant to submit a statement summarizing the proceedings, subject to objections from the appellee and approval from the trial court. Additionally, App.R. 9(D) authorizes parties to put forth an agreed statement in lieu of the record. There is nothing in the record indicating that Chester attempted either of these alternatives. Accordingly, we must presume regularity in the trial court's proceedings.
The judgment of the trial court is affirmed.
GRADY, P.J. and WOLFF, J., concur.