ROSE CHEVROLET, INC., APPELLEE, *v.* ADAMS, APPELLANT.

[Cite as Rose Chevrolet, Inc. *v.* Adams (1988), 36 Ohio St. 3d 17.]

(No. 87-638—Decided March 23, 1988.)

*Patricia Shanes Oney,* for appellee.

*Burdge & Associates Co., L.P.A.,* and *Ronald L. Burdge,* for appellant.

DOUGLAS, J. In the instant appeal, appellant is seeking further review of the trial court's judgment overruling her Civ. R. 60(B) motion on the basis that appellant had not sustained her burden of demonstrating that her failure to file a timely answer in this cause was due to excusable neglect.

The specific issue posed to this court involves the quantum of evidence necessary to prove entitlement to relief on the grounds enumerated in Civ. R. 60 (B)(1).[2]

As we review the question of the sufficiency of appellant's motion, we are confronted at the outset with the absence from the record of a transcript of the hearing before the trial court on that motion. Our examination of the record filed in this court has failed to disclose an explanation for this omission. We note that appellant requested a transcript of the hearing, but this request is dated June 27, 1986, ten days *after* the hearing was held.[3] On August 22, 1986, appellant notified the court of appeals that no transcript, statement of the evidence or agreed statement as defined in App. R. 9 would be filed.

Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. App. R. 9(B) and 10(A); Section (1) of Rule IV of the Supreme Court Rules of Practice. It follows that where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. *Knapp* v. *Edwards Labora-*

*tories* (1980), 61 Ohio St. 2d 197, 15 O.O. 3d 218, 400 N.E. 2d 384. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee.

In the case at bar, appellant's failure to advance a timely request for recordation of the hearing on her Civ. R. 60(B) motion apparently resulted in the lack of a transcript. This omission, however, need not have been fatal. Appellant could have availed herself of the provisions of App. R. 9, which states in pertinent part:

"(C) Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to Rule 10, who may serve objections or propose amendments thereto within ten days after service. Thereupon, the statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act thereon prior to the time for transmis-

---

[2] Civ. R. 60(B)(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

[3] The trial court docket sheet, dated July 7, 1986, recites: "No transcript available. At the time of hearing attorney for defendant did not request a transcript." There is no general requirement that municipal courts provide recordation of proceedings absent a timely request. *State* v. *Dickard* (1983), 10 Ohio App. 3d 293, 10 OBR 467, 462 N.E. 2d 180. There is no indication in the record that appellant made a timely request that the hearing be transcribed. A request ten days after the hearing cannot be described as timely.

sion of the record pursuant to Rule 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal." See, also, App. R. 9(D).

Apparently, no attempt was made by appellant to take advantage of these provisions. Without a transcript or other acceptable statement of the evidence presented at the hearing held on appellant's motion, our review of the trial court's judgment is by necessity confined to the remaining pertinent portions of the record. Upon inspection of the materials submitted by appellant to the trial court in her endeavor to obtain relief from the default judgment entered against her, we are constrained to conclude that the trial court acted within its discretion in denying such relief.

In order to prevail on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351, 6 OBR 403, 406, 453 N.E. 2d 648, 651. The question of whether relief should be granted is addressed to the sound discretion of the trial court. *Griffey* v. *Rajan* (1987), 33 Ohio St. 3d 75, 77, 514 N.E. 2d 1122, 1123.

Our examination of the record reveals that the first and third prongs of the *GTE* test, *supra,* have been met in this case. A copy of the answer prepared by appellant's counsel was attached as an exhibit to appellant's Civ. R. 60(B) motion. In this answer, appellant alleged, *inter alia,* that the promissory note which forms the basis for appellee's complaint is unenforceable for several reasons, including fraud, want of consideration, and violation of the Ohio Consumer Sales Practices Act. If any of these allegations can be proved, appellant would have a meritorious defense to appellee's claim. Under Civ. R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense. *Moore* v. *Emmanuel Family Training Ctr.* (1985), 18 Ohio St. 3d 64, 67, 18 OBR 96, 99, 479 N.E. 2d 879, 882. See, also, *Svoboda, supra,* at 351, 6 OBR at 406, 453 N.E. 2d at 651. The third prong, that of timeliness, has obviously been satisfied in this case. Appellant's Civ. R. 60(B) motion was filed one day after the entry of the default judgment from which appellant sought relief. That the motion was timely filed is a matter beyond dispute.

However, the record before us reflects that the second prong of the *GTE* test was not satisfied here, *i.e.,* appellant did not sufficiently demonstrate her entitlement to relief from judgment on any of the grounds set forth in Civ. R. 60(B)(1) through (5). Since no transcript of the hearing on the motion is available, our review of the trial court's judgment is restricted to appellant's memorandum in support of the motion. This memorandum recited that the motion is "based upon inadvertence and excusable neglect" and that "[c]ounsel for defendant had previously prepared an answer * * *." No explanation is provided for this assertion, and no facts are set forth to bolster appellant's position. In short, the trial judge is given no basis whatsoever to make a factual determination on the question of whether the neglect is excusable or inexcusable, or whether the failure to file an answer was inadvertent. It is true that neither Civ. R. 60(B) itself nor any decision from this court has required the movant to

submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases. But the least that can be required of the movant is to enlighten the court as to why relief should be granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. A mere allegation that the movant's failure to file a timely answer was due to "excusable neglect and inadvertence," without any elucidation, cannot be expected to warrant relief.[4]

In *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 249, 18 O.O. 3d 442, 445, 416 N.E. 2d 605, 609, this court stated that the determination of whether excusable neglect occurred "* * * must of necessity take into consideration all the surrounding facts and circumstances." If the movant fails to apprise the court of those surrounding facts and circumstances and the court subsequently overrules the motion, that judgment cannot be characterized as an abuse of discretion. A reviewing court in such a case has no alternative but to presume that the trial court, in overruling appellant's motion, acted within the bounds of its discretionary authority. See *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72, 74, 58 O.O. 2d 117, 119, 278 N.E. 2d 363, 365; *Knapp, supra,* at 199, 15 O.O. 3d at 220, 400 N.E. 2d at 385.

We are aware that Civ. R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result. *Colley, supra,* at 248, 18 O.O. 3d at 445, 416 N.E. 2d at 609. However, the competing principle that litigation must be brought to an end is also pertinent here. *Id.* Relief from a final judgment should not be granted unless the party seeking such relief makes at least a *prima facie* showing that the ends of justice will be better served by setting the judgment aside.

Therefore, we hold that where the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ. R. 60(B)(1), but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment.

Accordingly, based on the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

---

[4] Our conclusion might be different if the trial court had denied appellant's timely request for an evidentiary hearing on the motion and proceeded to overrule appellant's motion based on the bare allegations set forth therein. In *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9, 7 O.O. 3d 5, 371 N.E. 2d 214, syllabus, this court held that a trial court does not abuse its discretion by granting a proper Civ. R. 60(B) motion without first holding a hearing where the record contains sufficient evidence of excusable neglect. It could be argued that a trial court abuses its discretion if it denies a timely request for an evidentiary hearing and then overrules the motion on the basis that excusable neglect has not been demonstrated.