OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court which granted defendant-appellee David W. Gatwood's motion for relief from judgment in a forcible entry and detainer action filed by plaintiff-appellant Colby Ardis. From that judgment, appellant raises the following assignments of error:
 "1. IN VACATING THE JUDGMENT, THE TRIAL COURT ABUSED ITS DISCRETION AS IT NOT ONLY IGNORED THE APPROPRIATE APPEAL PROCESS, BUT ALSO IGNORED EVIDENCE IN THE RECORD THAT SERVICE WAS PROPER
 "2. THE TRIAL COURT ERRED WHEN IT VACATED THE DEFAULT JUDGMENT IN THIS FORCIBLE ENTRY AND DETAINER ACTION
 "3. APPELLEE PRESENTED NO EVIDENCE OF DEFECTIVE SERVICE IN THE RECORD TO OVERCOME THE PRESUMPTION OF SERVICE, THEREFORE THE COURT ABUSED ITS DISCRETION IN VACATING THE JUDGMENT
 "4. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION TO VACATE JUDGMENT BASED ON DEFECTIVE SERVICE AND A LACK OF PERSONAL JURISDICTION OVER DEFENDANT"
Gatwood has not filed a brief in this appeal. Accordingly, pursuant to App. R. 18(C) we accept appellant's statement of the facts as correct. That statement, with appellant's references to the record omitted, reads:
 "At the time of this action, Ardis was the owner of residential property located at 4667 Imperial Drive in Toledo, Lucas County, Ohio. Ardis leased the residence to Gatwood, who took possession on September 16, 1997.
 "Gatwood was to begin paying monthly rent in the amount of $800.00. Gatwood never made a rent payment, however, while he lived at the Ardis' property. Consequently, on November 6, 1997, Ardis personally served Gatwood with a Notice To Vacate the premises by November 10, 1997. Gatwood did not pay the delinquent rent or vacate the premises.
 "On November 18, 1997, Ardis filed an eviction action in the Toledo Municipal Court. The Clerk mailed the Summons and Complaint by certified mail to Gatwood on November 19, 1997. The certified mail was returned unclaimed, however, on November 21, 1997. The Clerk, therefore, instructed the Bailiff to personally serve the Summons and Complaint on Gatwood. After several unsuccessful attempts, the Bailiff was unable to serve Gatwood and returned the Summons and Complaint to the Clerk on December 3, 1997.
 "On December 5, 1997, the Summons and Complaint were reissued by the Clerk by Certified Mail, together with written notice that the court had scheduled a trial of Ardis' claim for possession on January 5, 1998. This too was returned to the Clerk, unclaimed.
 "On December 29, 1997, the Clerk again issued the Summons, Complaint, and Trial Notice by ordinary mail service pursuant to Ohio Civ.R.P. 4.6(D) as verified by the Court's journalized docket entry. Gatwood later asserted that he received the Summons, Complaint, and Trial Notice on January 3, 1998.
 "On January 5, 1998, a hearing was held before Magistrate Muska with regard to the claim for possession. Gatwood failed to appear. Magistrate Muska confirmed that, according to the Court's official record, the Summons and Complaint were properly served on Gatwood and the Court had jurisdiction. Magistrate Muska further found Gatwood in default under the lease and found in favor of Ardis for possession. She instructed Ardis to purchase a Writ of Restitution. On January 5, 1998, the Magistrate's decision was adopted and made an Order of the court by Judge Osowik. On that same date, Gatwood was notified of the Court's eviction decision. Gatwood acknowledges receiving this notice.
 "On January 8, 1998, a Writ of Restitution was issued to the Bailiff. On January 12, 1998, the Bailiff served Gatwood with notice that on January 14, 1998, his personal belongings would be removed from the premises under the supervision of the Court. On the morning of January 14, 1998, Gatwood's belongings were moved under the supervision of the court.
 "Gatwood made his first appearance in this cause on January 14, 1998. Along with his attorney, Gatwood met with Judge Weiher at approximately 3:45 p.m. Neither Ardis nor his attorney, however, were notified or given an opportunity to attend the meeting with Judge Weiher. Judge Weiher, however, scheduled a hearing for January 15, 1998, presumably to consider a Motion for Relief from Judgment. The hearing was adjourned, however, because of Gatwood's failure to file a motion seeking relief.
 "On January 20, 1998, Gatwood filed a Motion To Vacate the Court's January 5, 1998 Order of Eviction, pro se. He alleged that the court's journalized entry was inaccurate and that service of the Summons and Complaint occurred on January 2, 1998 (less than five days prior to the trial date set for January 5, 1998), rather than December 29, 1997 (the date indicated by the court's journalized entry). Gatwood's motion was not, however, accompanied by affidavit or other evidence. Six months later, on July 13, 1998, the Motion to Vacate was granted by Judge Weiher without a hearing."
Because the first, third and fourth assignments of error are interrelated we will address them together. Appellant contends that the trial court abused its discretion in granting appellee's motion to vacate where the record clearly showed that appellee had been properly served and appellee failed to present evidence of defective service.
The question of whether a trial court should vacate its own judgment is left to that court's sound discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Accordingly, a trial court's ruling on a Civ.R. 60(B) motion will not be reversed on appeal absent an abuse of that discretion.
In the present case, appellee filed his motion for relief from judgment approximately two weeks after the lower court granted appellant a default judgment. In that motion, appellee asserted that the default judgment was void because he had not been properly notified of the proceedings. Specifically, he asserted that he received the documents on January 3, 1998 and that the envelope revealed that they were mailed on January 2, 1998. Because the hearing was set for January 5, 1998, appellee asserted that he was not served at least five days prior as required by R.C. 1923.06(A). Appellee did not support this assertion with an affidavit or any evidence. Approximately six months later, the trial court granted the motion to vacate without explanation although presumably for the reason cited by appellee.
Civ.R. 4.6(D) reads in relevant part:
 "If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed * * * the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." (Emphasis added.)
The docket sheet in the present case includes the following entry: "12-29-97 CERTIFIED MAIL SERVICE RETURNED, UNCLAIMED. ORDINARY MAIL ISSUED WITH PROOF OF MAILING 12-29-97." The entry is then initialed by a deputy clerk. That entry is then repeated on the computerized printout of the docket sheet. Accordingly, pursuant to Civ.R. 4.6, service in the present case should have been deemed complete as of December 29, 1997, the date that the fact of mailing was entered in the record. Nothing in the record supports any other conclusion and appellee in the proceedings below never supported his assertion that notice was not mailed until January 2, 1998 with any evidence. Moreover, at the trial on January 5, 1998, the magistrate specifically stated on the record that service had been completed by ordinary mail and that the court had jurisdiction.
While a trial court has the inherent power to vacate its own void judgments without adherence to Civ.R. 60(B), see Kurtz v.Kurtz (1991), 71 Ohio App.3d 176, nothing in the record before this court indicates that the trial court's granting of a default judgment on January 5, 1998 was void. R.C. 1923.06 requires that in a forcible entry and detainer action, a tenant must be served with notice at least five days before the day set for trial. The record reveals that pursuant to the operation of Civ.R. 4.6, appellee was served on December 29, 1997. The trial in this matter was on January 5, 1998, at least five days after service was deemed complete. Accordingly, the default judgment was not void for a defect in service and the trial court abused its discretion in granting the motion to vacate. The first, third and fourth assignments of error are well-taken.
Given our ruling above, the second assignment of error is moot and therefore not well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining. The judgment of the Toledo Municipal Court is reversed and the default judgment entered on January 5, 1998 is reinstated. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED
 James R. Sherck, J., Richard W. Knepper, J., MarkL. Pietrykowski, J., concur.