OPINION
This is an appeal from the Chardon Municipal Court. Appellant, Jayne Haehn, appeals from the trial court's judgment in favor of appellee, Patricia R. Yancey, in the amount of $187.05, plus interest and costs.
This case involves a dispute between appellant-defendant-landlord and appellee-plaintiff-tenant. Appellant and appellee entered into a written rental application and agreement on February 1, 1995, establishing a semi-annual tenancy. Appellee paid appellant a $550 security deposit, first month's rent, and rent for the last month of the lease in installments. Rent was due on the first day of each month, starting with March 1, 1995. After appellee moved out, appellant sent appellee a letter listing the deductions that were taken from her $550 security deposit, which were as follows: (1) $99 for cleaning; (2) $104.29 for two water bills; (3) $7.59 for the July 1998 electric bill; and (4) $16.84 for two gas bills. Along with the letter, appellant sent appellee a check for the remainder of her security deposit, $322.28.
On September 3, 1998, appellee filed a complaint against appellant in small claims court claiming that appellant wrongfully withheld a portion of her security deposit and praying for judgment in the amount of $485.12. On October 7, 1998, after a hearing, the magistrate issued findings and a decision in favor of appellee in the amount of $404. On October 13, 1998, appellant sent a letter to the magistrate explaining her absence from the hearing, which the court treated as a motion to vacate and granted.
A second hearing was held on November 4, 1998, and the magistrate issued the following findings and decision on November 6, 1998: (1) appellee conceded that the deductions for water, electric, and gas were proper, but she also conceded that "the only issues are the $87.05 in interest [on the last month's rent], and the $99.00 cleaning bill . . ."; (2) "[t]he interest is to run on the excess of one month[']s security deposit at 5% per annum. [Appellee] calculated this . . . as $87.05. [Appellant] claims she is not responsible under R.C. 5321.16 because she has less than 4 rental units. . . . [Appellant] is a landlord even if she has only one rental unit for purposes of this statute. . . ."; (3) appellee left the premises in essentially the same condition as when she took possession; and (4) since appellant failed to itemize the amount withheld as required by R.C. 5321.16(B), she wrongfully withheld $50, which amount is doubled pursuant to the statute. Hence, the magistrate recommended judgment for appellee in the amount of $187.05, plus interest at a rate of ten percent.
On November 12, 1998, appellant filed a letter with the court objecting to the magistrate's decision, but the trial court noted that the "decision stands." She filed another letter on November 24, 1998, asking the court to rethink its decision.[1]
Appellant's sister and daughter also sent letters to the court as to the condition of the apartment after appellee moved. Nonetheless, on December 4, 1998, the trial court issued an "Order Adopting Report of Magistrate," and an entry stating that judgment was rendered for appellee in the sum of $187.05, plus interest at ten percent from September 1, 1998, and costs. On December 31, 1998, appellant requested a copy of the transcript from the hearing, but the trial court informed her that "[n]o oral transcript of the hearing . . . [was] available." On February 11, 1999, appellant furnished this court with a copy of the transcript, which she claimed was "[t]yped in accordance with [App.R. 9(C)]."[2] Appellant timely filed the instant appeal and submits the following as error:
 "[1.] The trial court erred in sustaining [appellee's] request for interest to be paid on an advance payment of last months [sic] rent in stating in [t]ranscript of proceedings that an advance payment of rent is the same as a security deposit. this [sic] rules against [R.C.] 5321.01(E), [R.C.] 5321.16(B), Case laws[,] and Blacks [sic] Law Dictionary regarding the definition of [r]ent and [s]ecurity [d]eposits. They also ruled in error in ruling interest was to be paid on last months [sic] rent by not upholding the terms of the lease-agreement and [R.C.] 5321.06.
 "[2.] The trial court erred in sustaining [appellee's] request for return of allegedly wrongfully withheld security deposit by not upholding [R.C.] 5321.05 showing bias against [appellant]. The trial [sic] also erred in ruling by disregarding the testimony of [appellant]."
In her first assignment of error, appellant argues that the trial court erred in awarding appellee interest on the advance payment of the last month's rent. Appellee contends that she was due the sum of $87.05 pursuant to R.C. 5321.16.
R.C. 5321.16(A) states that:
 "Any security deposit in excess of fifty dollars or one month's periodic rent, whichever is greater, shall bear interest on the excess at the rate of five per cent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant."
 In the instant matter, pursuant to the trial court's findings, appellee originally deposited $550 as security, paid the first month's rent, and paid the last month's rent when she moved into the apartment. This deposit represented in excess of one month's rent. The magistrate found that appellant did not properly itemize the amounts withheld pursuant to R.C. 5321.16(B). The trial court also determined, and we agree, that appellee was correct in her reading of R.C. 5321.16(A). A careful reading of R.C. 5321.16(A) reveals that interest will only be payable on any sum of money which is either in excess of $50 or in excess of one month's periodic rent, whichever is greater. Therefore, we conclude that the trial court properly applied the law and rendered an appropriate judgment. Appellant's first assignment of error lacks merit.
In her second assignment of error, appellant contends that the court erred in returning appellee's security deposit and disregarding her testimony. However, this court cannot address the merits of this assignment due to an incomplete record.
Under Civ.R. 53(E)(3)(b), parties are required to support any objection to a magistrate's decision with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Failure to provide an acceptable record to the trial court permits the trial court to ignore any objections to factual matters that may have been challenged. Witt v. J J Home Ctrs., Inc. (Apr. 26, 1996), Geauga App. No. 95-G-1939, unreported, at 4. If the complaining party fails to support her factual objections pursuant to Civ.R. 53, she is precluded from arguing factual determinations on appeal. Dintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, at 5-6.
In James v. Apel (June 30, 1999), Trumbull App. No. 98-T-0089, unreported, at 5, we stated that:
 "To prevail on appeal, appellant must affirmatively demonstrate, through reference to the record of the trial court proceeding, that the trial court erred. Pursuant to App.R. 9, appellant had an affirmative duty to provide us with a complete record, which could have included relevant papers, exhibits, [judgment] entries, transcripts, and other allowable documents. . . . [W]e are bound entirely by the record presented to us and cannot consider evidence outside of the record."
 Here, appellant did not supply us with a proper statement of the proceedings before the municipal court or an agreed statement of facts that conforms with App.R. 9(C) or (D). She included her version of the hearing for the first time on appeal. However, we are not permitted to consider any materials that were not before the trial judge or that the other party did not have an opportunity to review. Witt, supra, unreported, at 4.
Without a statement of the hearing, appellant cannot demonstrate the error, and thus, we must presume the regularity of the proceedings and that the facts were correctly interpreted.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19-20. Accordingly, appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Chardon Municipal Court is affirmed.
CHRISTLEY, J., NADER, J., concur.
[1] Neither letter appellant filed with the trial court was accompanied by a transcript or an affidavit of the evidence pursuant to Civ.R. 53(E)(3)(b).
[2] We note that the transcript of the hearing was not submitted to the other party for approval or objections and was not approved by the trial court.