OPINION
In this accelerated calendar case, appellant, Daniel R. Ackroyd, appeals from a final judgment of the Lake County Court of Common Pleas, Domestic Relations Division, dismissing his complaint for divorce without prejudice. For the reasons that follow, we affirm the decision of the trial court.
On July 3, 1997, appellant filed a complaint for divorce alleging that appellee, Pamela A. Ackroyd, was guilty of gross neglect and that the parties were incompatible. Appellee contested the divorce, and a trial was conducted before a magistrate on July 28, 1998, and continued on November 4, 1998. At the close of appellant's case, he made an oral motion to amend his pleadings pursuant to Civ.R. 15(B) to include an additional ground for divorce: to wit, "living separate and apart in excess of one year without cohabitation." Appellee objected, and the motion was denied.
Appellee subsequently moved for a directed verdict. However, instead of entering judgment against appellant, the magistrate issued a decision, which included extensive findings of fact and conclusions of law, dismissing the matter without prejudice.[1]
Appellant contested the magistrate's decision, but no transcript was provided to the trial court with appellant's objections. On December 30, 1998, the trial court adopted the magistrate's findings and conclusions in their entirety. Appellant perfected a timely appeal from the trial court's ruling. He now asserts the following assignment of error for our review:
 "The trial court abused its discretion and erred to the prejudice of plaintiff-appellant in overruling his motion to amend his pleadings to conform to the evidence at the close of plaintiff-appellant's case."
 In his sole assignment of error, appellant argues that the trial court should have allowed him to amend his complaint because he presented evidence in his case-in-chief that he and appellee had lived separate and apart without cohabitation in excess of one year. Appellant maintains that the record did not support the magistrate's finding that appellee was not afforded sufficient notice of the new ground for divorce so as to provide her an opportunity to prepare a proper defense.
As we noted earlier, appellant failed to provide the trial court with a transcript of the trial when he filed his objections to the magistrate's decision. This oversight is important because under Civ.R. 53(E)(3)(b), a party is required to support any objection to a magistrate's decision with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." If the complaining party fails to support his or her factual objections in accordance with Civ.R. 53, then he/she is precluded from arguing factual determinations on appeal. Yancey v. Haehn
(Mar. 3, 2000), Geauga App. No. 99-G-2210, unreported, at 7, 2000 Ohio App. LEXIS 788, citing Dintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, 1997 Ohio App. LEXIS 6027. Thus, when no transcript or affidavit is provided to the trial court in support of objections to a magistrate's decision, this court is limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision.Allen v. Allen (Mar. 31, 2000), Trumbull App. No. 98-T-0204, unreported, at 8, 2000 Ohio App. LEXIS 1464, citing Gorombol v.Gorombol (Aug. 9, 1996), Lake App. No. 95-L-036, unreported, 1996 Ohio App. LEXIS 3366.
Without a transcript, it is impossible to determine whether, at the time the evidence was offered by appellant, appellee understood that a new issue had entered the case. Even if she had recognized the new issue per se, there is nothing on record to demonstrate she was fully prepared to defend against that ground. After the denial of his motion to amend, relevant testimony noted by the magistrate suggests that appellant argued that their consensual sexual activity did not constitute sufficient cohabitation to invalidate the ground of a one-year separation. To say that any such interpretation would be heavily fact dependent would be a mild understatement. Farone v. Farone
(Sept. 15, 1995), Lake App. No. 94-L-058, unreported, at 7-8, 1995 Ohio App. LEXIS 4021, citing Dickerson v. Dickerson (1993),87 Ohio App.3d 848, 851 (holding that "whether a certain living arrangement should be classified as `cohabitation' or `a status equivalent to marriage' is primarily a factual question to be determined by the trial court."). See, also, Link v. Link (Feb. 25, 2000), Lake App. No. 98-L-241, unreported, at 4, 2000 Ohio App. LEXIS 701. Thus, the opportunity to defend by presenting additional facts which might impact the interpretation of the consensual sex becomes critical.
Without a transcript of the trial or a similar affidavit, appellant cannot demonstrate the alleged error. Because this court must presume the regularity of the proceedings and that the facts were correctly interpreted, Yancey at 8, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19-20, we conclude that the trial court did not abuse its discretion in adopting the decision of the magistrate. Accordingly, appellant's sole assignment of error is without merit.
Based on the foregoing reasons, the judgment of the trial court is affirmed.
 ___________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., concurs, O'NEILL, J., dissents.
[1] No issue has been raised that the magistrate and trial court should have entered judgment against appellant instead of dismissing the case. However, it appears from the decision that the magistrate intended to allow appellant the opportunity to refile his complaint at a later date.