OPINION
On May 25, 1999, Tina M. Skruck filed a criminal complaint against appellant, Eric M. Skruck, in the Girard Municipal Court. In the complaint, Mrs. Skruck alleged that appellant committed domestic violence, in violation of R.C.2919.25(A). She described his actions as stating to her, in a loud and aggressive manner, that he would "get her" and that she should "watch [her] back," and attempting to force open the front door of her house, in the City of Hubbard.
On September 1, 1999, appellant pleaded "no contest" to a charge of disorderly conduct, a misdemeanor of the fourth degree. On that same day, the trial court issued a judgment entry in which it accepted appellant's plea and found him guilty. It assessed a fine of $250, with $150 suspended, sentenced him to thirty days in jail, all of which were suspended, and placed him on probation until September 1, 2000. The entry specified that appellant was represented by counsel, who was present at the hearing. Appellant appeals from that judgment entry and raises the following assignment of error:
 "The trial court erred to the prejudice of defendant-appellant by having the defendant-appellant plead no contest to a criminal charge, when the defendant-appellant was represented by retained counsel, the court knew the defendant-appellant was represented by retained counsel, and the court heard the matter prior to its scheduled time, and counsel retained by the defendant-appellant was not present at the time the matter was heard by the court."
 In his sole assignment of error, appellant asserts that the trial court violated his constitutionally guaranteed right to be represented by an attorney by accepting his plea of no contest without his attorney present. Appellee has filed no brief. Appellant argues that:
 1)the court was awarethat he was represented by counsel;
 2)his counsel was at most a few minutes late for the September 1, 1999 hearing;
 3) the trial court refused to wait for his attorney; and he was prejudiced because his counsel and the prosecuting attorney had agreed he would plead no contest to a minor misdemeanor instead of a fourth degree misdemeanor.
 To prevail on appeal, appellant must affirmatively demonstrate, through reference to the record of the trial court proceeding, that the trial court erred. Pursuant to App.R. 9, appellant had an affirmative duty to provide us with a complete record, which could have included relevant papers, exhibits, journal entries, transcripts, and other allowable documents. In reviewing appellant's case, we are bound entirely by the record presented to us, and cannot consider evidence outside of the record. Masitto v. Masitto (June 20, 1986), Lake App. No. 11015, unreported.
Though appellant's brief repeatedly cites the transcript, he has not supplied this court with a copy of it or an agreed statement of facts from the September 1, 1999 hearing before the trial court that conforms with App.R. 9(C) or (D). The September 1, 1999 judgment entry, a pre-fabricated form, contains a proposed finding that states: "Defendant appeared with/without counsel." The trial court indicated, by circling "with," that appellant had appeared at the hearing with counsel. Absent a transcript to the contrary, we must presume that the trial court is correct and appellant's counsel was present. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19,520 N.E.2d 564; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384. Appellant's assignment of error is without merit.
The judgment of the trial court is affirmed.
 ______________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., concurs, O'NEILL, J., dissents with dissenting opinion.