OPINION
Appellant Carol A. Smith ("Smith") brings this appeal from the judgment of the Court of Common Pleas of Montgomery County denying her Civ.R. 60(B) motion for relief from judgment.
On November 7, 1995, Smith entered into a mortgage with Quality Mortgage USA. During the next year, the mortgage was transferred to at least five companies and a number of payments were not made. On July 20, 1998, Bankers Trust Company ("BTC"), as Trustee for Amresco Residential, filed a complaint for foreclosure. On September 28, 1998, Smith filed a complaint against the mortgage companies that had possessed the mortgage, claiming breach of contract. These cases were consolidated and trial was set for April 5, 2000. The trial became a settlement conference.
At the conference, Smith's attorney, Mr. Cass, stated that a settlement had been reached. The settlement placed on the record states in pertinent part:
 Mr. Gross: The settlement entails two parts. The first is in a pay-off offer of forty-one thousand dollars to pay off the note and have the mortgage satisfied. And that forty-one thousand dollars is to be paid by May 15th.
Along with that, with regard to the current arrearage on the note, we have agreed to a forbearance type arrangement whereby Miss Smith will make her normal monthly mortgage payment, along with an additional two-hundred and sixty-one dollars and eighty-one cents for the next fifty-four months.
The Magistrate: How much, sir? Pardon me?
 Mr. Gross: Two sixty-one point eight-one over fifty-four months. On — beginning with her May, 2000 payment. On the fifty-fifth month, the payments will revert back to the normal monthly mortgage payment.
Currently the normal monthly mortgage payment is three hundred and eighty-four dollars, but it's subject to adjustment pursuant to the adjustable rate provisions of the note and mortgage. All those provisions, as well as the other part of the note and mortgage, are still in full force and effect.
It's my understanding that Miss Smith has agreed to the financial components that I just stated to you.
Along with that, Miss Smith has agreed to dismiss her complaint against all the parties named therein, and her counterclaim against all the parties named therein, with prejudice. And that she's waiving any causes of action from today backwards. But that any rights that may accrue from today forward on the note or mortgage, she would still be able to pursue.
The plaintiff would like to have its foreclosure case pend for six months on the court's inactive docket as a showing of good faith that the payments will begin to be made and will be made properly. We have no doubt that Miss Smith is entering these negotiations with good faith and full intent to make her payments.
 Plaintiff will pay the costs of the foreclosure, which are included in the reinstatement amount.
 And I believe that that comprises the entire settlement offer, which has been accepted. Mr. Cass, would you agree with that.
 Mr. Cass: Let me ask Miss Smith. You've heard all the terms Mr. Gross stated, and those are what we've gone over here in the last few minutes, half hour. Uh . . . are you in agreement with the terms?
Miss Smith: Yes.
 Mr. Cass: Okay. And you understand about the complaint and, uh . . . that he's gonna leave his open for six months so that — the guarantee that you're gonna make the payments, and after that it'll be dismissed.
Miss Smith: Right.
 Mr. Cass: Uh . . . and you've got the right to pay it off for forty-one thousand, up to the 15th of, uh . . . May. And you're gonna make the monthly payment that I calculate six forty-five eighty-one, un . . . beginning May the 1st?
Miss Smith: Right.
Mr. Cass: For fifty-four months?
Miss Smith: Right.
 Mr. Cass: Okay. So you're in agreement with all those terms?
Miss Smith: Yes.
 Mr. Cass: Okay. And you're satisfied with my representation of you here today in reaching that agreement?
Miss Smith: Yes.
 At the conclusion of the conference, the magistrate approved the settlement. The trial court journalized the settlement on May 26, 2000.
On July 6, 2000, BTC filed a motion to enforce the settlement. BTC claimed that Smith had not made any payment on the mortgage as set forth in the agreement. This motion was granted on July 6, 2000, and foreclosure was ordered. On August 29, 2000, Smith filed a motion to vacate the judgment of foreclosure. The trial court treated this as a motion for relief from judgment pursuant to Civ.R. 60(B). A motion in opposition to the motion to vacate was filed by BTC on November 17, 2000. On December 27, 2000, the magistrate denied this motion because Smith lacked a meritorious defense to the claim upon which judgment was granted. The trial court adopted the magistrate's decision on February 21, 2001. It is from this judgment that Smith appeals.
Smith's pro se brief does not set forth any specific assignments of error. However, Smith's argument seems to be that the trial court should not have granted the foreclosure because BTC did not comply with federal requirements of notice concerning the transfer of the mortgage prior to the settlement and that she was not in default at the time of the settlement. These were the original issues raised in her complaint that was dismissed with prejudice as part of the settlement.
To prevail on a motion for relief from judgment, one must show 1) a meritorious claim or defense to the claim upon which judgment is based; 2) entitlement to relief under Civ.R. 60(B) and 3) that the motion is timely. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564. If any of these requirements are not met, then the motion must be denied. Id. Whether to grant the relief requested is a matter within the sound discretion of the trial court. Id.
In this matter, the trial court determined that the motion was timely filed, so one of the three requirements are met. The second requirement is that the motion can only be granted for one of the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment.
 Here, Smith basically claims that the judgment should not be enforced because the settlement was not fair and she did not understand what was occurring. However, a review of the transcript from the conference reveals that Smith was extensively questioned as to her understanding of the settlement and she agreed to all of the components. Thus, Smith does not meet any of the elements for relief from judgment as required by Civ.R. 60(B). Her suggested assignment of error is overruled.
The judgment of the Court of Common Pleas of Montgomery County is affirmed.
WOLFF, P.J. and GRADY, J., concur.
(Hon. Thomas F. Bryant sitting by assignment of the Chief Justice of the Supreme Court of Ohio).