[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendants-appellants, Ronald E. Scherer and Ohio Periodicals, appeal from the order of the trial court affirming the decision of a magistrate to deny their motion for relief from judgment under Civ.R. 60(B). In their single assignment of error, they assert that the trial court's decision was an abuse of its discretion. We disagree.
In the early 1990s, the Professional Acquisition Corporation of Cincinnati ("PAC") was involved in an attempted development of a golf course in Warren County, Ohio. After earlier shareholders had been bought out, Scherer owned 100% of the shares of PAC. Scherer also was the sole shareholder of Ohio Periodical Distributors, Inc., which had advanced almost $4,000,000 to PAC. Ohio Periodicals, Inc., went out of business in February 1998, at which time Scherer, acting individually, took hold of PAC's promissory note to Ohio Periodicals.
As part of its proposed development of the golf course, PAC had purchased an option on property in Warren County, referred to as "Cane Run." PAC had also become indebted for services to the plaintiff-appellee, CDS Associates, Inc., and in January of 1994 had entered into a written settlement agreement with CDS requiring PAC to pay CDS the sum of $125,000.
As the new millennium approached, PAC had yet to pay CDS under the settlement agreement, and the proposed golf course began to fall through. In October 1999, PAC settled with the owner of the "Cane Run" property, forfeiting its purchase option and receiving in exchange the sum of $1,750,000. Rather than paying off its debt to CDS pursuant to the settlement agreement, PAC used the entire proceeds to make partial payment to its sole shareholder, Scherer, as the holder of the note from PAC to Ohio Periodicals.
In April of 2000, CDS obtained judgment in the amount of $133,695 based upon PAC's failure to comply with the 1994 settlement agreement. In October of the same year, CDS filed a complaint in Hamilton County, alleging that the transfer of $1,750, 000 from PAC to Scherer violated the Ohio Uniform Fraudulent Transfer Act.
Scherer's answer was not timely filed. On January 23, 2001, the court entered default judgment for CDS in the amount of $144,088.19. Scherer filed a timely motion for relief from judgment under Civ.R. 60(B), alleging excusable neglect resulting from his attorney having had to undergo surgery. Also attached to the motion were materials designed to show that Scherer and Ohio Periodicals had a meritorious defense to the claim under the Ohio Fraudulent Transfer Act, which was that PAC was not insolvent at the time the company used the $1,750,000 proceeds of the "Cane Run" option forfeiture to pay down the note held by Scherer, an insider, with not even a small fraction of the proceeds going to satisfy its long-standing debt to CDS.
The magistrate denied the motion for the stated reason that the materials accompanying the motion failed to alleged operative facts sufficient to establish a meritorious defense, specifically that PAC had received "equivalent value" in exchange for the transfer of funds under R.C. 1336.05(A). The trial court affirmed the magistrate's decision.
On appeal, Scherer and Ohio Periodicals argue correctly that the magistrate failed to perceive that under the Ohio Fraudulent Transfer Act Scherer and Ohio Periodicals could have alleged a meritorious defense of either equivalent value or solvency. R.C. 1336.05(A). Even so, however, we hold that the trial court did not err in denying the motion, because Scherer and Ohio Periodicals failed to allege operative facts showing that PAC was solvent at the time of the allegedly fraudulent transfer.
Although Civ.R. 60(B) is to be liberally construed, the movant still has the burden to demonstrate that "the interest of finality should yield to the interests of justice that militate in favor of vacating the default judgment." Sweeney, Inc., v. Porter (Apr. 30, 1999), 1st Dist. No. C-980337, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 21, 520 N.E.2d 564. To this end, the movant has the burden to submit operative facts to demonstrate that, in addition to the grounds for relief stated under Civ.R. 60(B)(1) through (5), the movant has a meritorious defense if relief is granted. Although the movant need not prove that its defense would necessarily prevail at trial, it must, nonetheless, allege facts that, if found to exist, would provide a defense.
While there is no technical requirement that the movant submit evidence, in the form of affidavits or otherwise, to support its motion, practical considerations make the submission of such evidence advisable.Rose, supra, at 20-21, 520 N.E.2d at 564. Here, Scherer and Ohio Periodicals submitted affidavits in an attempt to demonstrate operative facts supporting their claim that PAC was solvent at the time of the transfer. The basis of their claim was that, at the time of the transfer, PAC had an asset that exceeded its liabilities — "equity in a land contract." An examination of the materials submitted by Scherer and Ohio Periodicals, however, demonstrates only that PAC had a February 27, 1991, option contract to purchase 15.792 acres of land, for which it had paid $60,000, with a balance still due of $150,000. As CDS points out, PAC did not acquire the property, even after it had received $1,750,000 for forfeiting its option to the "Cane Run" property. Instead, PAC chose to use the entire proceeds of the "Cane Run" option forfeiture to pay down its note to Scherer. Thus, the materials show, at most, that PAC had, at the time of the allegedly fraudulent transfer, a $60,000 nonequitable interest in land as its only asset, with an outstanding obligation to CDS of $128,100. These facts did not demonstrate solvency, even on their face.
We hold, therefore, that, as a matter of law, Scherer and Ohio Periodicals failed to satisfy their burden under Civ.R. 60(B) to submit operative facts that they had a meritorious defense, i.e., solvency, even if relief from judgment had been granted. Consequently, the magistrate's error in failing to perceive solvency as an independent defense under R.C. 1336.05(A) was harmless. Accordingly, the assignment of error is overruled, and the judgment of the trial court affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and WINKLER, JJ.