DECISION AND JUDGMENT ENTRY
{¶ 1} Jones Scheich appeals the decision of the Maumee Municipal Court to award no damages inasmuch as the amount of the attorney fees did not exceed the retainer received from Karl C. Maunz and 20th Century Beverage Co. Because we must presume the regularity of the proceedings before the trial court, we affirm.
 {¶ 2} Jones Scheich was retained by Maunz to represent him individually in a collection matter and to represent his business, 20th Century Beverage Co., in an attempt to acquire a commercial loan. Two retainers of $2,500 each were received by Jones Scheich, for a total of $5,000. After providing professional services and crediting the fees against the two retainers, Jones Scheich billed Maunz for the remainder of the fees it alleged was due and owing. When Maunz did not pay, Jones Scheich sued Maunz in Maumee Municipal Court. On October 30, 2002, this matter was tried to the bench. In its judgment entry filed November 19, 2002, the trial court found that Jones Scheich had been retained by Maunz, that Maunz had paid two retainers for a total of $5,000, that professional services were provided and the amount charged for the services was reasonable, and that Jones Scheich had established attorney fees in the amount of $2,520 and $1,995. Because the total amount of attorney fees ($4,515) was less than the $5,000 total retainer, the trial court awarded no damages to Jones Scheich. Jones Scheich filed a motion for relief from judgment on December 11, 2002. On December 18, 2002, Jones Scheich filed a notice of appeal. The trial court denied the motion for relief from judgment on December 20, 2002. Initially, this court remanded the matter to the trial court to rule on the motion for relief from judgment on January 3, 2003. We reinstated the appeal on January 9, 2003, when it was discovered that the trial court had already ruled on the motion.
 {¶ 3} Jones Scheich set forth the following three assignments of error:
 {¶ 4} "1. The trial court erred when it determined that plaintiff only established fees for the representation of Karl C. Maunz in the amount of $2,520.00 and thus awarded plaintiff no damages.
 {¶ 5} "2. The trial court erred when it determined that plaintiff only established fees for the representation of 20th Century Beverage Company in the amount of $1,995.00 and thus awarded plaintiff no damages.
 {¶ 6} "3. The trial court was without jurisdiction when it denied plaintiff's 60(B)(5) motion therefore said denial must be vacated."
 {¶ 7} Jones Scheich's first and second assignments of error allege that the trial court's determination of damages was against the manifest weight of the evidence and that the trial court erred in calculating damages owed to it from Maunz and 20th Century Beverage Company. Jones Scheich refers this court to the trial transcript in support of its arguments. However, a review of the record shows that no trial transcript was filed with this court. Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record or whatever portions of the record are necessary for determination of the appeal are filed with the court in which review is sought. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19; App.R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision. Id.
 {¶ 8} While we do not have the trial transcript, the exhibits that purportedly were admitted at trial were attached to the record, although they were not filed in the case. The envelope containing the exhibits identifies exhibit one as "(Composite) Statement for Professional Services Rendered — May, 2000 to Karl C. Maunz" and exhibit two as "(Composite) Statement for Professional Services Rendered — May, 2000 to 20th Century Beverage Company." Both exhibits one and two contain additional documents, not referenced on the envelope or in the trial court's judgment entry. Without the trial transcript, we cannot tell what documents were actually before the trial court as part of exhibit one and two.
 {¶ 9} Because we presume the regularity of the proceedings, Jones Scheich's first and second assignments of error are overruled.
 {¶ 10} In its third assignment of error, Jones Scheich contends that the trial court was without jurisdiction to rule on the Civ.R. 60(B)(5) motion when it did and asks that this court remand the matter to the trial court for consideration of the motion. This assignment of error is not properly before this court as Jones 
Scheich did not amend its notice of appeal to include the denial of the motion for relief from judgment. Furthermore, the Civ.R. 60(B) motion is based on the same grounds as the first two assignments of error. Jones Scheich's third assignment of error is overruled.
 {¶ 11} Upon consideration, we find that substantial justice was done the party complaining. The judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay costs of this appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J.