OPINION
{¶ 1} Appellant, Will Smith, appeals from the March 27, 2002 judgment entry, in which the Warren Municipal Court granted judgment in favor of appellee, Remnant Room, in the amount of $272.50, plus interest and costs.
 {¶ 2} This case involves a dispute between appellant and appellee for the installation of carpet. Appellant hired appellee to replace the carpet and padding at a rental property located in Braceville Township, Ohio. The initial estimate was for $1,623.23. Upon installing the carpet, appellee realized that extra material was needed at an additional cost of $272.70. Appellant refused to pay. As a result, appellee filed a small claims complaint on October 24, 2001, for the sum of $272.70, plus interest. According to the record, a hearing was held on December 6, 2001, before a magistrate. On March 7, 2002, the magistrate issued a decision in favor of appellee. Thereafter, on March 19, 2002, appellant filed objections to the magistrate's decision without supplying a transcript. On March 27, 2002, the trial court overruled appellant's objections and adopted the magistrate's decision. It is from that entry that appellant timely filed the instant appeal and now advances a single assignment of error:
 {¶ 3} "The trial court erred to the prejudice of [appellant] when determining that some discussion of the additional materials and the cost to install the same constituted a binding contract."
 {¶ 4} Under his sole assignment of error, appellant argues that the trial court erred in determining that there was a binding contract when there was only a discussion of additional material and the cost to install it and not that the cost was not approved.
 {¶ 5} However, this court cannot address the merits of this assignment. Pursuant to Civ.R. 53(E)(3)(b), parties are required to support any objection to a magistrate's decision with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." See, also,Mulqueeny v. Mentor Chiropractic Ctr., Inc. (Apr. 12, 2002), 11th Dist. No. 2001-L-034, 2002 WL 549969, at 2, citing Yancy v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 WL 263757. If the complaining party fails to support his or her factual objections pursuant to Civ.R. 53, he or she is precluded from arguing factual determinations on appeal.Mulqueeny, supra, at 2, citing Dintino v. Dintino (Dec. 31, 1997), 11th Dist. No. 97-T-0047, 1997 Ohio App. LEXIS 6027.
 {¶ 6} In the case at bar, we are not permitted to consider any materials that were not before the trial judge or that the other party did not have an opportunity to review. Under the circumstances, appellant cannot demonstrate the error, and thus, we must presume the regularity of the proceedings and that the facts were correctly interpreted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19-20.
 {¶ 7} Therefore, we cannot look at the substance or merit of the issue at hand since the procedural requirements of Civ.R. 53(E)(3)(b) have not been met. The underlying rationale for these procedural requirements both at the trial court level and the appellate review level is to insure that when these respective courts undertake a review, they have before them an accurate version of what actually transpired at the evidential hearing, and not what a given party's impressions are with regard to the specificity of the evidence submitted.
 {¶ 8} For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Warren Municipal Court is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.