DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Patrick T. Guenther, appeals from judgment of the Akron Municipal Court, which found him guilty of Improper Pulling from a Curb, in violation of Akron City Code Section 72.14(A). We affirm.
 I. {¶ 2} On November 27, 2002, Mr. Guenther was involved in an automobile accident in Akron, Ohio. Pursuant to this accident, Mr. Guenther was issued a citation for Improper Pulling from a Curb, in violation of Akron City Code Section 72.14(A). Mr. Guenther pled not guilty to this citation. On January 24, 2003, a trial was held before a magistrate, pursuant to which the magistrate issued a journal entry which found Mr. Guenther guilty of this citation.
 {¶ 3} On March 14, 2003, Mr. Guenther filed an appeal with this Court, which we subsequently dismissed pursuant to Mr. Guenther's motion for voluntarily dismissal. On April 1, 2003, Mr. Guenther filed a motion for leave to file objections to the magistrate's journal entry, which the municipal court granted. Mr. Guenther then filed objections to the magistrate's journal entry, asserting that the magistrate's decision was against the manifest weight of the evidence.
 {¶ 4} Subsequently, the magistrate issued another journal entry, recommending that Mr. Guenther be found guilty of violating Akron City Code Section 72.14(A). Mr. Guenther filed objections to this journal entry. In a judgment entry dated June 17, 2003, the municipal court adopted the magistrate's decision, and found Mr. Guenther guilty of Improper Pulling from a Curb, in violation of Akron City Code Section 72.14(A). The court sentenced Mr. Guenther accordingly. It is from the municipal court's judgment entry that Mr. Guenther now appeals.
 {¶ 5} Mr. Guenther timely appealed, asserting two assignments of error for review. Because our analysis below is dispositive of both assignments of error, we address the assignments of error together.
 II. First Assignment of Error
"Based upon the record before it, the trial court erred as a matter of law in adopting the recommendation of the Magistrate and finding appellant guilty of violating akron city code Section 72.14(a)."
 Second Assignment of Error
"Based upon the record before it, the decision of the trial court adopting the Magistrate's journal entry, and finding appellant to be guilty of violating akron city code sec[tion] 72.14(a), is against the manifest weight of the evidence."
 {¶ 6} In his first assignment of error, Mr. Guenther asserts that the trial court erred when it adopted the magistrate's recommendation. In his second assignment of error, Mr. Guenther asserts that the trial court's decision to adopt the magistrate's recommendation and the court's finding of guilt are against the manifest weight of the evidence.
 {¶ 7} Our review is limited to the record provided by the appellant for his appeal. App.R. 9; see, also, App.R. 12(A)(1)(b). App.R. 9(B) provides that it is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. State v. Sugalski,
9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19; see, also, App.R. 10(A) and Loc.R. 5(A).
 {¶ 8} An appellant must order the transmission of the record, including a certified transcript of those portions of the proceedings required for the appellant's appeal. See App.R. 9(B)(8) and Loc.R. 6(B) and (C); Amistadi v. Bender-Higdon,Inc. (Jan. 12, 1977), 9th Dist. No. 680. Our review of Mr. Guenther's first and second assignments of error requires an evaluation of the transcript of the proceedings before the magistrate. Mr. Guenther filed a copy of a transcript of the audio cassette recording of the trial proceedings before the magistrate.[1] However, this transcript was not properly made part of the record before this Court. The transcript is neither properly certified nor incorporated into an App.R. 9(C) statement approved by the trial court. See App.R. 9(C) and Loc.R. 6(C)(1) and (4). Additionally, the record does not indicate that the trial court made an entry appointing a court reporter to certify a transcript, or that the transcript was part of the original papers and exhibits filed with the municipal court. See App.R. 9(B)(8) and Loc.R. 6(C)(2) and (3).
 {¶ 9} Since Mr. Guenther has failed to demonstrate the error on appeal with respect to his first and second assignments of error, we decline to address them. Accordingly, Mr. Guenther's first and second assignments of error are overruled.
 III. {¶ 10} Mr. Guenther's first and second assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
BAIRD, P.J. and CARR, J. CONCUR.
[1] We find it interesting to note that during the proceedings at the municipal court level, Mr. Guenther asserted that the audio cassette recording of the trial proceedings was inaudible and could not be transcribed, and these assertions were supported by an affidavit of a court reporter who attested to the condition of the cassette. Yet, subsequent to his filing of the notice of appeal, an uncertified copy of a transcript of audio cassettes from these proceedings, transcribed by this same court reporter, was filed.