OPINION
{¶ 1} Plaintiff-appellant Quentin Durrstein appeals from an order of the trial court overruling his motions for: (1) Sole Custody and Child Support; and (2) Contempt. Durrstein's motions were heard on August 11, 2005. The trial court filed the order overruling those motions on August 29, 2005. Durrstein appeals pro se. Defendant-appellee Marie Tuttle-Durrstein has not filed a brief.
 {¶ 2} In his brief, Durrstein sets forth the following assignments of error:
 {¶ 3} "1. Court acted improperly as counsel from the bench when it was shown the defendant failed to abide by a single court order issued to date by stating a refusal to provide any information on schooling or health matters or the names and places of doctors or schools so the plaintiff could obtain records was not a violation.
 {¶ 4} "2. Court held inability to pay child support as an excuse for failure to meet visitation or communication orders although it had ample evidence of the defendant intentionally interfering with the plaintiff's employment.
 {¶ 5} "3. Court inappropriately tied support payments to visitation.
 {¶ 6} "4. Court failed to properly take into consideration the recommendations of the court's own experts and other experts as to the best interests of the children.
 {¶ 7} "5. Court failed to take in[to account?] major improvements in the home and education environments which the plaintiff provides over the defendant.
 {¶ 8} "6. Court improperly stated both the plaintiff and defendant failed to communicate though the court's own records and testimony demonstrated refusal by the defendant to communicate and that the plaintiff had made numerous attempts to do so.
 {¶ 9} "7. Court has ordered the plaintiff to provide personal information though there was ample proof and testimony that the defendant had abused this information before and that issues with harassment and stalking caused the plaintiff enough emotional distress that he is unable to deal with the defendant in person as a result.
 {¶ 10} "8. The timing, recorded statements and conflicting testimony by the defendant show that the defendant has abused the legal processes repeatedly in an attempt to falsely imprison the plaintiff.
 {¶ 11} "9. The defendant has repeatedly and intentionally refused to abide by legal agreements on financial matters with no sanctions for refusing to pay marital bills as required, which has negatively affected the plaintiff's credit standing and employability; and against court orders, has destroyed and sold marital property which the plaintiff is required to pay for and of which the court has had full knowledge.
 {¶ 12} "10. The defendant has repeatedly violated court orders and agreements about making disparaging remarks to and in front of the children about the plaintiff in attempts to turn them emotionally against the plaintiff and to attempt to falsely imprison the plaintiff."
 {¶ 13} These assignments of error are not supported by an argument section of the brief, as required by App.R. 16(A)(7). More fundamentally, it is the appellant's burden to portray error in the record. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19, 520 N.E.2d 564. "It follows that where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record." Id.
 {¶ 14} There is no transcript of the August 11, 2005 hearing in this record, and there is nothing in the record to indicate that Durrstein ordered a transcript. Although it is sometimes possible that an assigned error may be demonstrable from the order of the trial court, itself, even in the absence of a transcript, we have examined the order from which this appeal is taken, and we find no findings of fact or conclusions of law therein that demonstrate any of the errors Durrstein assigns. Consequently, we conclude that Durrstein has failed to demonstrate error in the record.
 {¶ 15} All of Durrstein's assignments of error are overruled. The judgment of the trial court is Affirmed.
Brogan and Wolff, JJ., concur.