{¶ 26} The outcome of the present appeal is governed by the Ohio Supreme Court's decision in Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17. Therein the court stated: "Where the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ.R. 60(B)(1), but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment." Id. at syllabus. Since the majority's opinion is contrary to this statement of law, I respectfully dissent.
 {¶ 27} Not only does Feathers' motion for relief from judgment "not set forth any operative facts to assist the trial court," it fails even to allege excusable neglect as grounds for relief.
 {¶ 28} Feathers' motion states as follows: "In this case sub judice it must first be brought to the attention of the Court that Defendant, David Feathers, was never given *Page 10 
notice of the proceedings. Plaintiff and/or her counsel failed to serve any notices upon Defendant, all the while knowing his whereabouts could be found via internet records check, state of Ohio.DRC.gov. Due diligence requires the plaintiff to serve notices upon defendant, such is not the case herein. Defendant pro-se has gone further in his duties by formal notice to this court of his place of incarceration, as of March 3, 2006 in motion for [continuance]."
 {¶ 29} Rather than alleging excusable neglect on his part, Feathers alleges lack of "due diligence" by Dottore and her counsel. Of course, it is neither Dottore's, nor her attorney's, nor the trial court's responsibility to keep informed of Feathers' current place of incarceration.[19] While Feathers' location changed during the course of these proceedings, the location of the Portage County Courthouse did not. Rather than blame Dottore for failing to serve notice on him, Feathers could have made the effort to keep informed of the proceedings in his divorce case, which he knew was continuing.[20]
 {¶ 30} The majority benignly transforms the substance of Feathers' argument into one of "excusable neglect" for "his failure to inform the court of his new address." This argument is the majority's invention. As the movant, "[t]he burden is upon [Feathers] to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. A mere allegation that the movant's failure [to inform the court of his current whereabouts] was due to `excusable neglect and inadvertence,' without any elucidation, cannot be expected to warrant relief." Id. at 21. *Page 11 
 {¶ 31} Since Feathers has not met his burden under Civil Rule 60, the trial court did not abuse its discretion in denying his motion. Accordingly, I dissent.
[19] The majority writes that "Dottore no doubt was aware that he had been sentenced to prison due to his convictions." This statement is neither relevant to Feathers' motion for relief nor to Feathers' obligation to inform the court of his current whereabouts. Evidence in the record indicates that Dottore "did not wish to appear at [Feathers'] sentencing" because of the abuse she had suffered at his hands.
[20] Although Feathers' motion for a continuance was denied, the court did order Feathers to be transported from the jail to the court for trial. *Page 1