[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The singular assignment of error presented on appeal is that "[t]he trial court erred to the prejudice of [appellant] in failing to grant [its] Motion for Modification of Judgment and For Stay of Execution." The fundamental premise upon which the assignment rests, as phrased by the appellant, is as follows:
 If there is a "change in the facts in a given action which either raises a new material issue, or which would have been relevant to the resolution of a material issue involved in the earlier action, * * * " neither res judicata nor collateral estoppel will prevent re-litigation of that issue.
 The controversy between the parties stems from plaintiff-appellee I.T. Hector's employment of defendant-appellant Superior Title Agency to search the title to real property situated in Hamilton County. Superior Title admitted that it had contracted with a third party to conduct the examination. For reasons not apparent in the record, the examination failed to disclose a judgment lien in favor of a local hospital. Hector purchased the real estate and received a general warranty deed that had been prepared, admittedly, by Superior Title. The existence of the judgment lien was discovered when Hector attempted to convey the property.
Hector sued Superior Title for breach of contract, seeking recovery of, inter alia, the amount of the lien and the accrued interest upon it. Ultimately, summary judgment was awarded to Hector in the amount claimed. Superior Title did not appeal, but when Hector commenced proceedings to execute upon his judgment, Superior Title obtained an assignment of the lien from the hospital and returned to the original trial court with a "Motion for Modification of Judgment and Stay of Execution" under Civ.R. 60(B). When that motion was overruled, Superior Title brought this appeal.
Despite the motion's caption, it is clear that Superior Title sought relief from the judgment under Civ.R. 60(B)(4) and (5), upon its assertion that the judgment lien had been "satisfied." However, Superior Title proffered in support of the motion only a purported "Assignment of Judgment Lien" to it from the hospital.
We hold that the assignment of error is not well taken on the authority of GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113. To prevail on a motion brought, as here, under Civ.R. 60(B), the movant must demonstrate that he has a meritorious defense or claim to present if the court grants relief and that one of the grounds stated in the rule is applicable in the premises. To reverse the denial of its motion, Superior Title must convince this court that the trial court abused its discretion. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 520 N.E.2d 564, syllabus.
The record before us fails to demonstrate that, were relief granted, Superior Title had a meritorious defense to Hector's claim that he had a valid judgment in toto. We, therefore, hold that the denial of Civ.R. 60(B) relief did not constitute an abuse of discretion, and, on that basis, we overrule the assignment of error.
Accordingly, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.