[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Petitioner-appellant Thomas McIntosh was convicted, following a jury trial, of trafficking in marijuana, conspiracy, and two counts of possession of marijuana. He appealed, and this court affirmed the findings of guilt but vacated his sentence, in part, and remanded the case for resentencing.[1] While his direct appeal was pending, McIntosh filed a R.C. 2953.21 petition for postconviction relief with the Hamilton County Court of Common Pleas. The trial court determined that he was not entitled to relief and entered judgment for the state. From that order, McIntosh brings this appeal.
In his two assignments of error, McIntosh challenges the trial court's dismissal of his postconviction petition without holding an evidentiary hearing. McIntosh alleged in his petition that his constitutional rights had been violated during his trial when Todd Klein and Carl Wesley, two co-defendants and key witnesses for the state, falsely testified before the jury concerning the amount of prison time that they would serve pursuant to a plea bargain. Klein and Wesley had not been sentenced for their crimes at the time of McIntosh's trial.
When a petitioner files a R.C. 2953.21 petition raising a constitutional issue based upon evidence outside the record, the trial court must grant a hearing unless it determines, after considering the petition, the supporting affidavits, and the files and records of the case, that the petitioner is not entitled to relief.[2] Reliance on evidence outside of the record by itself, however, will not guarantee a right to an evidentiary hearing.[3] Res judicata will bar constitutional claims that could have been raised in a direct appeal.[4]
Additionally, the evidence outside of the record offered in support of the constitutional claim must meet a minimum level of cogency[5] and plausibility[6] to warrant consideration.
The trial court held that McIntosh's claim was barred under the doctrine of res judicata in that the claim was refuted by the trial transcript. We affirm the judgment of the trial court because the petition for postconviction relief did not contain the evidence outside of the record that McIntosh intended to rely upon to support his claim. Apparently, McIntosh had intended to attach the sentencing entries of Todd Klein and Carl Wesley to his R.C. 2953.21 petition, because a sheet attached to the last page of the petition listed the entries as included in an appendix,[7] but the sentencing entries are not contained in the record on appeal.
"Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review."[8] When portions of the record necessary for resolution of assigned errors are omitted from the record, this court has no choice but to presume the validity of the lower court's proceedings and affirm.[9] McIntosh made a statement concerning the length of Klein's sentence in his petition, but this unsworn, self-serving statement was not sufficiently cogent or credible to support his claim for relief, or to overcome the presumption of regularity we attach to the trial court's proceedings in the absence of the sentencing entries from the appellate record. Accordingly, based upon this record, we overrule McIntosh's assignments of error and affirm the trial court's denial of McIntosh's petition for postconviction relief.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Gorman, JJ.
[1] State v. McIntosh (Aug. 31, 2001), Hamilton App. No. C-000695, unreported, appeal not allowed (2001), 94 Ohio St.3d 1411, 759 N.E.2d 787.
[2] R.C. 2953.21(E).
[3] See State v. Combs (1994), 100 Ohio App.3d 90, 97, 652 N.E.2d 205,209.
[4] Id.
[5] Id. at 98, 653 N.E.2d at 209-210; State v. Tibbetts (Mar. 30, 2001), Hamilton App. No. C-000303, unreported, discretionary appeal not allowed (2001), 93 Ohio St.3d 1409, 754 N.E.2d 258.
[6] See State v. Calhoun (1999), 86 Ohio St.3d 279, 714 N.E.2d 905.
[7] The trial court presumably had access to Klein's and Wesley's sentencing entries, as Klein and Wesley were indicted with McIntosh in the case number B-0001331, but the docket and journal entries certified to this court on appeal contain only documents related to the case numbered B-0001331B, McIntosh's individual case.
[8] See Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,18, 520 N.E.2d 564, 565.
[9] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384, 385; McIntosh, supra.