This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Christopher Browne ("Browne"), appeals from the decision of the Wayne County Municipal Court, which denied his request for occupational driving privileges. We affirm.
 I.
On October 4, 1992, Browne was cited for driving under the influence of alcohol ("DUI"), driving with a suspended operator's license, fictitious plates, and reckless operation. Browne had been convicted of three prior DUI offenses within the preceding five-year period. It appears from the record that Browne pleaded guilty to DUI, in violation of R.C.4511.19(A)(4), and driving under suspension, in violation of R.C.4507.02(D). The remaining charges were dismissed. On August 31, 2001, Browne filed a motion to terminate his license revocation, or, in the alternative, a request for occupational driving privileges. The trial court denied the motion, finding that Browne was convicted of another charge of driving under a license suspension in January 2001. This appeal followed.
 II. Assignment of Error No. I "THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION IN DENYING APPELLANT'S REQUEST TO TERMINATE HIS LICENSE REVOCATION AND REQUEST FOR OCCUPATIONAL DRIVING PRIVILEGES."
 Assignment of Error No. II "AN INDEFINITE LICENSE SUSPENSION WITHOUT OCCUPATIONAL DRIVING PRIVILEGES BASED ON A MISDEMEANOR CONVICTION IS CRUEL AND UNUSUAL PUNISHMENT."
Browne's first and second assignments of error require a related analysis; therefore, we address them together for ease of review. In his first assignment of error, Browne asserts that the trial court abused its discretion when it denied his request for occupational driving privileges. Browne argues that, pursuant to R.C. 4507.16, a court may grant occupational driving privileges when the defendant shows that the license suspension would seriously affect the person's ability to continue his employment. He asserts that he provided letters and an affidavit to the trial court in an effort to prove how his license revocation has affected his employment, and therefore, the trial court abused its discretion when it denied him occupational driving privileges. For his second assignment of error, Browne states that his license suspension violates the Eighth Amendment to the United States Constitution because it constitutes cruel and unusual punishment.
An appellate court's review is restricted to the record provided by the appellant to the court. See App.R. 12(A)(1)(b). Accordingly, the appellant assumes the duty to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A); State v. Ishmail (1978), 54 Ohio St.2d 402, 405-406.
The record in this case consists of the docket and journal entries from the trial court. However, the judgment entry of Browne's 1992 conviction and the entry which revoked or suspended his license is absent from the record. Moreover, we cannot determine from the record in this case whether the provisions of R.C. 4507.16 relating to occupational driving privileges even apply to the matter before us.
We find that both of Browne's assignments of error are dependent upon documents that are not included in the record on review. Without the complete record from the trial court, Browne has failed to demonstrate that the trial court abused its discretion when it denied his request for occupational driving privileges. He has also failed to demonstrate that an indefinite driver's license suspension constitutes cruel and unusual punishment. Accordingly, Browne's assignments of error are overruled.
 III.
Having overruled Browne's assignments of error, we affirm the judgment of the Wayne County Municipal Court.
WHITMORE, J., BATCHELDER, J. CONCUR.