This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Steven Spiker, appeals the decision of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} Mr. Spiker was charged with attempted trafficking in cocaine under R.C. 2923.02/2925.03(A)(2). Mr. Spiker filed a motion to suppress. A suppression hearing was held and the motion was denied. Subsequently, Mr. Spiker pled no contest. The court found Mr. Spiker guilty and sentenced him accordingly.
 {¶ 3} Mr. Spiker asserts one assignment of error.
 {¶ 4} "THE TRAFFIC STOP WHICH WAS INITIATED IN THE EARLY MORNING HOURS OF OCTOBER 18, 2001 WAS UNMOTIVATED AND FAILED TO MEET ANY OF THE ESTABLISHED OBJECTIVE STANDARDS THAT POLICE OFFICERS HAVE IN INITIATING TRAFFIC STOPS."
 {¶ 5} In his assignment of error, Mr. Spiker asserts that the police officer who stopped him did not have any motivation to do so and did not meet the standards required to make a traffic stop. We disagree.
 {¶ 6} This Court is limited in its review on appeal to the record provided to it by the appellant. App.R. 9 and 12(A)(1)(b). In accordance with App.R. 9(B), it is the duty of the appellant to ensure that the record, or necessary portions, are filed with the court in which he seeks review. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. This is the appellant's duty because he has the burden of establishing error in the trial court. App.R. 9(B).
 {¶ 7} Mr. Spiker has failed to provide this Court with a transcript of the suppression hearing. Therefore, this Court cannot review the police officer's testimony.
 {¶ 8} "In the absence of those portions of the record necessary for the resolution of assigned errors, `the reviewing court has nothing to pass upon and *** has no choice but to presume the validity of the lower court's proceedings, and affirm.'" State v. Buzzelli, 9th Dist. No. 3145-M, 2001-Ohio-1634, quoting, Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Therefore, this Court must presume the validity of the trial court's proceedings and affirm its judgment.
 {¶ 9} Mr. Spiker's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 {¶ 10} The Court finds that there were reasonable grounds for this appeal.
 {¶ 11} We order that a special mandate issue out of this Court, directing the , County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 12} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
CARR, P.J. and WHITMORE, J., concur.