DECISION AND JUDGMENT ENTRY
{¶ 1} Rochelle Kahn, Executrix of the estate of Paul L. Kahn, ("Kahn") appeals the denial of her motion in limine to preclude any reference to defense counsel's being a licensed physician during trial on her medical malpractice and wrongful death action. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Kahn filed a complaint against Dr. Moront and Cardiothoracic Surgeons for Northwest Ohio, Inc. among other defendants in June 2000, following the death of Paul Kahn after a heart valve replacement surgery.[1] A few days before trial, Kahn filed a motion in limine seeking an order to preclude any reference to defense counsel as a licensed physician. Before voir dire began, the trial court denied Kahn's motion, finding that it was necessary and appropriate for defense counsel to voir dire the potential jurors about any contacts with him as a physician. During voir dire, defense counsel asked that very question. After a negative indication, defense counsel proceeded with the remainder of his voir dire without any further reference to his physician status. The case was tried, and the jury returned a verdict for defendants.
 {¶ 3} Kahn raises a single assignment of error:
 {¶ 4} "The trial court erred in denying appellant's motion in limine."
 {¶ 5} Initially this court notes that a motion in limine is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary (7 Ed. 1999), 1033. The purpose of such a motion is to prevent potentially prejudicial matter that is neither relevant nor admissible from being injected into a trial.Rinehart v. Toledo Blade Co. (1985), 21 Ohio App.3d 274, 278. In this case, Kahn's motion in limine did not seek to exclude evidence but sought rather to limit the defense's voir dire and how defense counsel would be addressed by the court, the attorneys, the parties and the witnesses. Although Kahn acknowledges in her brief that this is not really an evidentiary matter, she proceeds to argue the motion as a motion in limine. We will examine Kahn's motion as a procedural motion concerning voir dire and courtroom procedure and will analyze Kahn's assignment of error accordingly.
 {¶ 6} Kahn contends that the trial court abused its discretion by denying her motion and permitting defense counsel to inform the venire that he was also a physician and allowing witnesses to refer to defense counsel as "Dr. Skiver." While Kahn indicates there are multiple references to defense counsel's being a doctor, the limited record before us reveals only one isolated reference, occurring during voir dire as noted above. Upon appeal of an adverse judgment, it is incumbent upon the party appealing the judgment to ensure that the record, or whatever portions of the record are necessary for determination of the appeal, are filed with the court in which review is sought. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19; App. R. 9(B) and 10(A). The duty of submitting the record falls upon an appellant because it is the appellant who bears the burden of showing error by references to matters in the record. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. In the absence of a complete and adequate record, a reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision. Id.
 {¶ 7} From the record provided, the reference to defense counsel's status as a physician that Kahn complains about occurred during defense counsel's voir dire. He asked the following question:
 {¶ 8} "As you've already heard, my name is Steve Skiver and I represent Dr. Michael Moront, who is a board certified cardiothoracic surgeon here in town. I know you've already been asked if you know me. I have also been in the Toledo area practicing as a physician since 1977. I practice internal and critical care medicine in the greater Toledo metropolitan area at various hospitals, including Toledo Hospital.
 {¶ 9} "Does anyone recall if they treated with either myself or one of my members of my group, Maumee Internists, or any family members might have treated with me at any point in time through the years?"
 {¶ 10} The record also reveals that Kahn failed to object to this question. The failure to raise an objection to the procedure used by the trial court at the time results in a waiver of the issue for purposes of appeal. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121; LeFortv. Century 21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Because Kahn did not object to defense counsel's inquiry, she waived the right to raise this issue as error on appeal.
 {¶ 11} While Kahn might urge us to apply the plain error exception to the "waiver rule," the Supreme Court of Ohio has limited the application of the plain-error doctrine in civil cases. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss, 79 Ohio St. at syllabus. We conclude that the trial court's alleged error in the present case does not rise to the level expressed in Goldfuss. Thus, we decline to apply the "plain error" exception.
 {¶ 12} Even if Kahn did not need to object to preserve the issue for appeal, we find that the trial court did not abuse its discretion by permitting defense counsel's inquiry during voir dire. An "abuse of discretion" is defined as a decision which is unreasonable, arbitrary, or unconscionable. Gen. Motors Corp. v. Tracy (1995), 73 Ohio St.3d 29, 32. We cannot conclude that the trial court acted in an unreasonable, arbitrary or unconscionable way when it permitted defense counsel to ask a single question designed to investigate the existence of possible bias. The inquiry was appropriate, for attorneys routinely ask if panel members are familiar with them or their law partners. While Kahn argues that her case was prejudiced because the trial court's ruling gave the appearance that defense counsel was an expert witness and, therefore, the jury gave greater weight to his opening and closing statements as well as his examination of the witnesses, she has failed to present any evidence of prejudice other than the verdict was not in her favor.
 {¶ 13} Kahn's attempt to use our decision in Haukedahl v. St.Luke's Hosp. (Dec. 3, 1993), 6th Dist. No. L-92-011 to show that the trial court abused its discretion is also misplaced. Haukedahl involved a highly unusual situation in which a juror collapsed during the plaintiffs' opening statement in a medical malpractice action. We concluded that the plaintiffs' motion for a mistrial should have been granted because the likely effect of the defendant doctors' responding to the aid of the juror was to predispose the jury in their favor. In this case, there was a single reference concerning defense counsel's being a physician. This situation is hardly analogous to what occurred in Haukedahl.
 {¶ 14} Accordingly, we find Kahn's sole assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.
[1] The other defendants were eventually dismissed by Kahn.