DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas that granted appellees' Civ.R. 60(B) motion to vacate the trial court's earlier judgment naming appellant as priority lien holder on three parcels of real property. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} This matter arose in the trial court as a foreclosure action brought by appellant in 2004, as a result of a judgment he obtained against Laura and Leonard Arquette, who owned three parcels of land in Williams County. The record reflects that appellant filed a judgment lien against the Arquettes' real property on October 6, 2004, in the amount of $6,198.88 plus interest. The record further reflects that the Arquettes' three parcels of land were subject to mortgages held by appellees: two mortgages, each in the amount of $15,750, were recorded on January 7 and January 28, 2003; the third mortgage, in the amount of $32,000, was recorded on November 12, 2003.
 {¶ 3} On November 16, 2004, appellees, who were also named as defendants in appellant's complaint in foreclosure, filed an answer to the complaint. In their answer, they asked that all liens on the three parcels be marshaled and their priority determined. Appellees also filed a cross-claim (erroneously captioned as a counterclaim) against the Arquettes on the underlying notes. The answer and cross-claim were filed together.
 {¶ 4} On December 21, 2004, the Arquettes filed for protection under Chapter 7 of the Bankruptcy Code. On December 30, 2004, they reaffirmed their underlying obligation with appellees. Thereafter, appellees filed a motion to dismiss their cross-claim; they did not move to dismiss their answer. The trial court filed an entry dismissing appellees' cross-claim on January 31, 2005. The Arquettes received a discharge in bankruptcy on April 14, 2005.
 {¶ 5} On September 20, 2005, the trial court granted appellant summary judgment on his complaint, ordered the three parcels of land sold, and ordered the sale *Page 3 
proceeds to be distributed by the sheriff to costs and then "to the other claimants in accordance with the priority of their liens."
 {¶ 6} The parcels were sold in July 2006, for a total of $63,200. On September 14, 2006, appellant filed a motion to confirm the sales and distribute the proceeds. Attached to his motion was appellant's proposed "Judgment Entry Confirming Sale and Order Distributing Proceeds of Sale." The proposed judgment entry was not served on appellees. The judgment entry, which was actually the form submitted by appellant, was signed by the trial court and filed on September 20, 2006. Pursuant to the entry, a portion of the sales proceeds was allotted to cover various costs and taxes, with $8,250.71 to appellant and the balance to the Arquettes. No distribution was provided to appellees for their mortgages, which had been recorded in Williams County before appellant's judgment lien.
 {¶ 7} Immediately upon learning of the September 20, 2006 judgment entry, appellees filed a motion for substitution of a corrected journal entry. This motion was granted on September 25, 2006, by nunc pro tunc judgment entry. The new entry altered the sheriffs distribution of sale proceeds so as to pay appellees' mortgages ahead of appellant's judgment lien.
 {¶ 8} Appellant appealed the September 25, 2006 nunc pro tunc entry. In Tillimon v. Stubleski (Feb. 26, 2007), 6th Dist. No. WM-06-014, this court reinstated the September 20, 2006 decision and judgment entry. This court determined that the use of *Page 4 
nunc pro tunc to vacate the entry was inappropriate because the change to the original order was substantive rather than clerical. Id., ¶ 8.
 {¶ 9} In response, appellees filed a Civ.R. 60(B)(5) motion to vacate the reinstated September 20, 2006 entry. On April 4, 2007, the trial court granted appellees' motion, setting forth substantive content as to lien priority. The trial court instructed appellees' attorney to use that information to prepare a new judgment entry consistent with the lien priorities of the parties as set forth in the final judicial report which had been filed by appellant on March 15, 2006, and providing for the release of all liens of the parties. The record reflects that appellees did not file the judgment entry as instructed.
 {¶ 10} Appellant subsequently filed an appeal from the April 4, 2007 decision. This court, however, found that the entry from which appellant filed his appeal was not a final appealable order, noting that he appealed from the April 4, 2007 decision, not the final judgment entry that appellees had been instructed to, but did not, prepare and file. Therefore, appellant's notice of appeal was found to be premature pursuant to App.R. 4(C). In making its decision, this court followedBrooks v. Orshoski (1998), 129 Ohio App.3d 386, 393, which held that "[w]here a court enters an order stating that the prevailing party should prepare a judgment entry in accordance with the court's order, [it] is an announcement of the court's decision and not the court's final judgment." Accordingly, appellees were given 15 days in which to prepare and submit to the trial court a final judgment in this case.Tillimon v. Stubleski (Nov. 2, 2007), 6th Dist. No. WM-07-009. On November 27, 2007, appellant filed an amended notice of appeal from *Page 5 
the trial court's April 4, 2007 judgment entry and from the "Revised Judgment Entry Confirming Sale and Order Distributing Proceeds of Sale," filed by appellees and journalized November 16, 2007.
 {¶ 11} Appellant argues his four assignments together. We note that App.R. 16(A)(7) requires an appellant to argue each assigned error separately; accordingly, we would be within our authority to simply disregard the four assignments of error and summarily affirm the trial court's judgment. See Park v. Ambrose (1993), 85 Ohio App.3d 179, 186. Nevertheless, in the interest of justice, we will jointly consider the four assignments of error.
 {¶ 12} All of appellant's assignments of error assert that the trial court erred by granting appellees' Civ.R. 60(B) motion to vacate the September 20, 2006 judgment. Appellant presents several arguments in support.
 {¶ 13} Civ.R. 60(B) provides, in relevant part:
 {¶ 14} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer *Page 6 
equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *."
 {¶ 15} To prevail on a motion for relief from judgment, the moving party must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds listed in Civ.R.60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment order or proceeding was entered or taken.GTE Automatic Elec, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 16} The decision whether to grant a motion for relief from judgment is within the sound discretion of the trial court and may be reversed only upon a showing of an abuse of discretion. Rose Chevrolet Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 17} First, appellant argues that appellees were no longer parties to the lawsuit at the time they filed their motion to vacate judgment and were therefore not entitled to file the motion. This argument is not supported by the record. At one point, appellant erroneously states that on January 28, 2005, appellees filed a motion in the trial court to dismiss their cross-claim and their answer. In fact, appellees moved only to dismiss their cross-claim. In his next sentence, appellant states — correctly — that on January 31, 2005, the trial court dismissed the cross-claim. Appellant then states that from that point on, appellees were no longer parties to the foreclosure action. This is erroneous, as appellees *Page 7 
did not at any time move to dismiss their answer. Nor did appellant, the plaintiff in the foreclosure action, ever move to dismiss appellees as defendants. The trial court found in its April 4, 2007 judgment entry that appellees never dismissed their answer to appellant's complaint and that appellees have at all times been a party to the foreclosure action. Accordingly, this argument is without merit.
 {¶ 18} Appellant next correctly cites to Ohio case law establishing that a Civ.R. 60(B) motion is not to be used as a substitute for a direct appeal. Appellant asserts that appellees' motion was actually an appeal from this court's decision "that they dismissed their counterclaim" and states that appellees should have filed an appeal to the Ohio Supreme Court instead. Appellant's argument consists of one sentence and a case citation. Appellant does not indicate the date of the decision from this court which he claims held that appellees dismissed their counterclaim. Further, it is clear from the record that appellees properly and timely filed their motion to vacate the trial court's September 20, 2006 judgment entry after this court found that the September 25, 2006 judgment nunc pro tunc was a nullity and ordered the September 20, 2006 judgment entry reinstated. Tillimon v.Stubleski (Feb. 26, 2007), 6th Dist. No. WM-06-014. This argument is without merit.
 {¶ 19} Next, appellant argues that appellees are not entitled to any proceeds of the sheriffs sale because they did not provide "any affidavit or other testimony * * * that the Arquettes owe them any money * * * or that [appellees] have a valid lien on the Arquettes' property being sold." First, we see that in appellant's complaint in foreclosure, *Page 8 
he alleges that appellees "[have] or may claim to have some interest in the real property described herein * * *." Attached as an exhibit to appellant's complaint are three title reports prepared by a local title company which list the three mortgages held by appellees on the Arquettes' parcels of land. Further, as this case progressed, appellant provided the trial court with a "Praecipe for Order of Sale" filed February 24, 2006, to which was attached updated judicial reports on all three parcels, which again listed appellees' mortgages. Then on March 15, 2006, appellant filed his "Final Judicial Reports" on the three parcels which once again listed appellees' mortgages. While it is true, as appellant states, that appellees did not submit any affidavits or other testimony as to the mortgages, we see from the record that such evidence would have been redundant since appellant provided evidence of the mortgages each time he submitted a judicial report filed by the title company. This argument is without merit.
 {¶ 20} Finally, appellant appears to argue that he was prejudiced because, since he believed that appellees had dismissed all claims they might have had to the Arquettes' properties, he did not bid on any of the parcels at the sheriffs sale. This argument has no merit.
 {¶ 21} Based on the foregoing, this court finds that appellant has not shown how the trial court abused its discretion by granting appellees' motion for relief from its September 20, 2006 judgment and, accordingly, appellant's first, second, third and fourth assignments of error are not well-taken. *Page 9 
 {¶ 22} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Handwork, J., Singer, J. and Osowik, J., concur. *Page 1