**BRADLEY, a.k.a. Holivay, Appellee,**

v.

**HOLIVAY, Appellant.**

[Cite as *Bradley v. Holivay,* 183 Ohio App.3d 596, 2009-Ohio-3895.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91509.

Decided Aug. 6, 2009.

Jeffrey P. Posner, L.L.C., and Jeffrey P. Posner, for appellee.

Patrick Holivay, pro se.

KENNETH A. ROCCO, Presiding Judge.

{¶ 1} Defendant-appellant, Patrick Holivay, appeals from a common pleas court order denying his motion for relief from judgment pursuant to Civ.R. 60(B).[1] After oral argument in January 2009, we stayed this appeal for 120 days to allow the parties to pursue mediation and instructed appellee's counsel to advise us of the progress and result of the mediation. Appellee's counsel filed a "first report" in March and an "interim report" in April. Neither appellant, who is proceeding pro se, nor appellee's counsel has informed us whether the parties were able to resolve the matter within the allotted time. The stay has now expired. Consequently, we proceed to judgment in this matter.

{¶ 2} Appellant asserts that the court erred by denying his motion for relief from judgment because he demonstrated that he was entitled to relief under Civ.R. 60(B)(4) and (5). He also contends that the common pleas court was required to give full faith and credit to a modified judgment issued by a California court in March 2007. We find that the common pleas court did not abuse its discretion by denying appellant's motion for relief from judgment. Accordingly, we affirm.

## Procedural History

{¶ 3} On June 15, 2006, plaintiff-appellee, Athena Holivay,[2] filed in the common pleas court an authenticated copy of a judgment entered by the Superior Court of San Bernardino County, California in April 2006.[3] On February 11, 2008, appellant filed a motion for relief from this judgment and a motion to stay the judgment. After full briefing and a hearing on these motions, the court denied them. Appellant now appeals from this order.

## Law and Analysis

{¶ 4} We review the trial court's decision on a motion to vacate for abuse of discretion. See, e.g., *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R.

---

1. The dissent suggests that appellant complains of a garnishment. Appellant does not assign error to any garnishment proceeding. Therefore, the question addressed by the dissent is not before us.

2. The authenticated California judgment filed in the common pleas court lists the parties' surname as "Holvay." However, the parties' names were corrected by order of the common pleas court.

3. The full text of the judgment is included in Appendix I to this opinion.

60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 5} The judgment of a sister state is entitled to full faith and credit and operates as res judicata to the same extent as a domestic judgment. *Moore v. Moore* (Dec. 30, 1992), Hamilton App. Nos. C–910846 and C–910873, 1992 WL 393197. "The full faith and credit clause of the United States Constitution does not mean that a judgment issued by one state which is filed in a second state becomes a merit determination by the courts of the second state. When applied to judicial determinations, the full faith and credit clause means that a valid judgment issued in one state must be recognized—without examining the underlying merits of the action—by all other states." *DLM Joint Venture v. Mershon's World of Cars* (Jan. 5, 1995), Clark App. No. 94–CA–95, 1995 WL 59718.

{¶ 6} Appellant urges that he had a meritorious defense to the underlying judgment in this case because "the matter was still being litigated in California." In support of this proposition, he provided the common pleas court with a copy of a motion he filed in the California court on October 3, 2006, asking the court to establish a payment plan and to relieve him of all liens and garnishments so long as payments were made according to the plan. This motion did not dispute the validity of the underlying order but only sought to establish an orderly method for enforcing it. Therefore, it did not demonstrate that appellant had a meritorious defense to the underlying claim. Based on the evidence before the common pleas court, the California judgment entered in April 2006 was res judicata.

{¶ 7} Appellant claims that he presented evidence to the common pleas court of a March 2007 ruling of the California court that "reversed or otherwise vacated" the judgment that appellee filed here, thus providing grounds for relief under Civ.R. 60(B)(4). He also argues that appellee defrauded the common pleas court by filing the June 2005 judgment but not informing the court that this judgment had been modified by the March 2007 order. The evidence supports neither of these arguments. First, the March 2007 order did not reverse or vacate the June 2005 judgment. Instead, it established a payment schedule for appellant to pay appellee the retirement monies and arrearages he owed her. Nothing in this order changes the obligation established by the June 2005 judgment. Furthermore, the March 2007 order did not exist when appellee filed the April 2005 judgment with the common pleas court, so it does not demonstrate that appellee obtained the judgment here by fraud or misrepresentation. Therefore, appellant failed to demonstrate any ground for relief pursuant to Civ.R. 60(B).

{¶ 8} Finally, appellant's motion to vacate the judgment was not timely. It was filed some 20 months after the judgment was entered, 11 months after the March 2007 order that appellant considered to be critical.

{¶ 9} Accordingly, the trial court did not abuse its discretion by denying appellant's motion to vacate pursuant to Civ.R. 60(B). The first assignment of error is overruled.

{¶ 10} In his second assignment of error, appellant states that the common pleas court was obligated to give full faith and credit to the March 2007 order of the California court. However, appellant does not explain how this would affect the 2005 judgment that appellee filed here. As noted above, the March 2007 order establishes a payment schedule for appellant to meet the obligations of the 2005 judgment. It does not change the underlying obligation. Therefore, giving full faith and credit to the March 2007 order would not affect the validity of the 2005 judgment.

{¶ 11} Appellant also argues that the June 2005 order was "void" because the court ordered appellant to pay amounts that (he claims) were owed to appellee by the Defense Finance and Accounting Service. This argument asserts that the court's decision was erroneous, not that it was void. Appellant could have raised this issue on direct appeal, but apparently he did not. Therefore, the California court's June 2005 order is res judicata, even if it is erroneous. Accordingly, we overrule the second assignment of error.

Judgment affirmed.

BLACKMON, J., concurs.

McMONAGLE, J., dissents.

CHRISTINE T. McMONAGLE, Judge, dissenting.

{¶ 12} Respectfully, I dissent. The majority attaches to its opinion "the authenticated California judgment filed in the common pleas court." This is not a judgment "upon which execution can issue." *Barnes v. Barnes* (Nov. 28, 1978), Franklin App. No. 78AP–335, 1978 WL 217221.

{¶ 13} Appellant complains of a garnishment in this matter. R.C. 2716.01 (garnishment of personal earnings of property of judgment debtor) states: "(A) A person who *obtains a judgment* against another person may garnish the personal earnings of the person against whom judgment was obtained only through a proceeding in garnishment of personal earnings and only in accordance with this chapter." (Emphasis added.) Appellee, not having obtained a judgment, cannot avail herself of garnishment proceedings under Ohio law.

Appendix I

{¶ 14} The above-entitled matter came on for hearing on March 10, 2006, for hearing on Petitioner's order to Show Cause to determine retirement pay arrearages owed by Respondent to Petitioner and to order payment of an equalization payment of $11,100 ordered to be paid by Respondent to Petitioner in the Judgment entered in the instant case on December 5, 1995. Petitioner and Respondent were present in pro per. Testimony was taken, argument was made by the parties and the matter was thereupon taken under submission.

{¶ 15} The Court now renders its ruling as follows:

{¶ 16} The Court finds the following facts to be true. Pursuant to the Judgment of Dissolution entered in the instant matter, Respondent was to pay Petitioner as her community interest in Respondent's military retirement the amount of $574.98 per month commencing December 5, 1995. No payment was made from December 5, 1995, through July 30, 2004. In August 2004, retirement payments were paid directly to Petitioner. Therefore, the total number of months for which the $574.98 payment was due and not paid is 104 months, a total amount of $59,797.92. The parties agreed that the Defense Finance and Accounting Office overpaid Petitioner spousal support in the amount of $1764. An exhibit attached to Petitioner's moving papers indicates that until she pays that amount back, the Defense Finance and Accounting Office will not disburse her community property retirement payment to her. Therefore, this Court will not deduct the $1764 from the $59,797.92 as it seems likely that Petitioner will want to pay the $1764 directly to the Defense Finance and Accounting Office in order to continue to receive her community interest in Respondent's retirement benefits.

{¶ 17} The $11,100 equalization payment previously ordered by this Court in the Judgment of Dissolution of the parties has not been paid by the Respondent to the petitioner.

{¶ 18} The Court makes the following Orders based upon its finding of fact. Respondent owes Petitioner $59,797.92 total in past due military retirement benefits which was received by Respondent. Respondent also owes to Petitioner $11,100 which was previously ordered by this Court in the Judgment for Dissolution as an equalization payment but which has not been paid.

{¶ 19} Petitioner has requested that this Court order the Defense Finance and Accounting Office to disburse to Petitioner 50% of Respondent's military retirement in order to pay both her community interest in Respondent's military retirement, which would consist of her 37% of such payment, plus 13% which would be paid on the military payment arrearages plus the amount due on the equalization payment. The court does not have the power to so instruct the

Defense Finance and Accounting Office. This finding in no way restricts Petitioner from seeking payment of the equalization payment Respondent owes her from all legal sources.