[Cite as *Whitehead v. Star First 1 Fin., Inc.*, 2017-Ohio-2886.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KONNOR WHITEHEAD | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27363 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-1079 |
| | : | |
| STAR FIRST 1 FINANCIAL, INC. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of May, 2017.

. . . . . . . . . . .

ELIZABETH AHERN WELLS, Atty. Reg. No. 0078320, RONALD L. BURDGE, Atty. Reg. No. 0015609, 8250 Washington Village Drive, Dayton, Ohio 45458
      Attorneys for Plaintiff-Appellee

JAMES D. MILLER, II, Atty. Reg. No. 0088136, 7385 Far Hills Avenue, Dayton, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Star First 1 Financial, Inc. ("Star First"), appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled Star First's motion for relief from judgment. We conclude that the trial court abused its discretion in finding that Star First did not have a meritorious defense. The judgment of the trial court will be reversed and the cause remanded for the trial court to address, in the first instance, whether Star First has met the remaining requirements for relief from judgment.

I. Facts and Course of Proceedings

{¶ 2} On February 26, 2016, Konnor Whitehead commenced an action in Montgomery County Common Pleas Court against "Star First 1 Financial, Inc., dba Abby Auto Financial, Inc.," alleging claims for relief based on the Ohio Consumer Act, the Motor Vehicle Sales Rule, and fraud. Dkt. 1. Whitehead alleged that he purchased a 2013 Chevrolet Cruze motor vehicle from Star First on September 2, 2015. After purchasing the vehicle, Whitehead discovered that the vehicle previously had been in a severe accident in which it sustained frame damage. According to Whitehead, Star First engaged in deceptive sales practices by providing a clean Carfax to him, failing to disclose that the vehicle had previously sustained damages and was declared a total loss, and failing to disclose that a salvage and rebuilt title and a not actual mileage title had been issued for the vehicle.

{¶ 3} No answer was filed within the time provided by rule. On April 14, 2016, Whitehead filed a motion for default judgment. Dkt. 10. On April 18, 2016, the trial court granted the motion and entered a default judgment on the issue of liability against Star

First. Dkt. 11. On April 28, 2015, an answer was filed apparently on behalf of Abby Auto Financial, Inc. ("Abby Auto"). Dkt. 12. The trial court granted Whitehead's motion to strike this answer, because the pleading was filed by a non-attorney on behalf of a corporation. Dkt. 15. On July 15, 2016, following a damages hearing, the trial court entered judgment in favor of Whitehead against Star First in the amount of $44,877.00, plus court costs and interest. Dkt. 17. No appeal was taken from this judgment.

{¶ 4} On August 21, 2016, Star First, through counsel, filed a motion for relief from judgment pursuant to Civ.R. 60(B). Dkt. 24. Whitehead filed a memorandum in opposition to the motion. Dkt. 28. On October 31, 2016, the trial court denied First Star's motion. Dkt. 30. Star First appeals from this decision overruling its motion for relief from judgment.

## II. The Trial Court Abused Its Discretion In Overruling Star First's Motion For Relief From Judgment Based On A Finding That Star First Did Not Present A Meritorious Defense

{¶ 5} Star First's sole assignment of error states:

THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO CIV.R. 60(B).

{¶ 6} Civ.R. 60(B) permits a court to grant a party relief from a final judgment. To prevail under Civ.R. 60(B), the movant must satisfy a three-prong test. The moving party must show that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic*

*Electric v. Arc Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). "Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling 'will not be disturbed on appeal absent a showing of abuse of discretion.' " *Jackson v. Hendrickson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶ 28, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 7} The trial court found that Star First failed to satisfy the first prong of the *GTE* test: that Star First had a meritorious defense or claim to present if relief was granted. The trial court concluded (Dkt. 30, p. 5-6):

> Here, the Court finds that Defendant has not presented a meritorious defense. Defendant alleges its most significant and persuasive defense is that Star First is not the proper Defendant in this matter. (Motion, p. 8.) However, the Plaintiff points out in its Exhibit 5 that the Certificate of Title for the vehicle, along with Exhibit 6, the Sales Agreement, reveals that Star First Financial sold the vehicle and transferred title to the vehicle to Plaintiff Whitehead. (Opposition, p. 6.) The Ohio Certificate of Title clearly states that the previous owner was Star First 1 Financial, Inc. (Plaintiff Exhibit 5.) The Sales agreement lists Abby Auto Financial, Inc. as the entity who sold the vehicle to Plaintiff Whitehead. (Plaintiff Exhibit 6.) Therefore, the Court finds Star First was doing business as Abby Auto. Thus, the first prong of *GTE* has not been met and no further analysis is needed.

{¶ 8} Star First contends that the trial court abused its discretion by finding that Star First did not provide a meritorious defense. According to Star First, it provided sufficient evidence to establish that (1) Star First had no involvement in the sale of the

vehicle to Whitehead; and (2) even if Star First had sold Whitehead the vehicle, Star First can prove that it did not issue a Carfax to Whitehead prior to the sale and that Whitehead signed paperwork that disclosed the error in the vehicle's odometer.

{¶ 9} As part of its motion for relief from judgment, Star First presented an affidavit from its purported owner, Yousef Samhan. According to Samhan's affidavit, (1) Star First does not do business as Abby Auto; (2) Star First and Abby Auto are two separate entities doing business in the same location; and (3) Star First was not involved in the sale of the 2013 Chevrolet Cruze motor vehicle to Whitehead. Star First also presented an affidavit of Eptesam Abeddallah, the purported owner of Abby Auto. According to Abeddallah's affidavit, (1) Star First does not do business as Abby Auto; (2) Star First and Abby Auto are two separate entities doing business in the same location; (3) Abby Auto sold the 2013 Chevrolet Cruze vehicle to Whitehead; and (4) Star First had no involvement in the sale of the vehicle to Whitehead. These affidavits were supported, in part, by copies of certificates and articles of incorporation from the Ohio Secretary of State. Dkt. 24.

{¶ 10} Star First also provided copies of other documents with its motion for relief from judgment that purport to show that Whitehead purchased the vehicle from Abby Auto rather than Star First. These documents include: (1) an odometer disclosure statement signed by Whitehead and the owner of Abby Auto; (2) a Bill of Sale signed by Whitehead and Abby Auto; and (3) a "Buyer's Guide" signed by Whitehead and Abby Auto. Dkt. 24. These same three documents were attached to Whitehead's memorandum in opposition to Star First's motion for relief from judgment. Dkt. 28. Further, attached to Whitehead's memorandum in opposition were copies of two additional documents that reflected a

transaction between Abby Auto and Whitehead, including an Arbitration Agreement signed by Whitehead and Abby Auto and an "Affidavit Regarding Sale of a Motor Vehicle, Off-Highway Motorcycle or All-Purpose Vehicle to an Out-of-State Resident." *Id.*

**{¶ 11}** In finding that Star First was doing business as Abby Auto, the trial court relied on the September 4, 2015 Ohio Certificate of Title that showed Whitehead as the current owner of the Chevrolet Cruze and listed "Star First 1 Financial Inc." as the "Previous Owner." A copy of this Certificate of Title was attached to Whitehead's memorandum in opposition to Star First's motion for relief from judgment. Dkt. 28. Star First contends that the trial court's reliance solely on the certificate of title to find that Star First was doing business as Abby Auto was an abuse of discretion. According to Star First (Brief, p. 15):

> It simply does not follow that since Star First may have been the titled owner of the vehicle, as stated by the trial court, that Abby Auto was "doing business as" Star First in selling it. It is wholly conceivable that one business, such as Star First, purchases vehicles wholesale and then contracts with another, wholly separate and distinct business, i.e. Abby Auto, to sell them. Under this arrangement, if the second business, i.e. Abby Auto, deceptively sells a vehicle, it is that business, the seller of the vehicle, which faces potential liability for engaging in such practices.

**{¶ 12}** Rather than hypotheticals like this one contained in Star First's brief, it would have been more helpful to the trial court for Star First to explain why exactly Star First was listed on the Certificate of Title as the previous owner when Abby Auto was the entity that was on all of the paperwork in the sale to Whitehead, and why Star First and Abby

Auto operate at the same address despite the fact that dealers appear to be precluded from doing so "unless they agree to be jointly, severally, and personally liable for any liability arising from their engaging in business at the same location."  R.C. 4517.24(A).

{¶ 13} Regardless of these questions that Star First left unanswered, a movant's burden under the first prong of the *GTE* test "is only to allege a meritorious defense, not to prove that he will prevail on that defense."  (Citations omitted) *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).  "A proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint."  63 Ohio Jurisprudence 3d, Judgments, Section 534, at 378-379 (2012), citing *Amzee Corp. v. Comerica Bank-Midwest*, 10th Dist. Franklin No. 01AP-465, 2002-Ohio-3084.

{¶ 14} Star First alleged a meritorious defense by claiming that Whitehead's action was filed against the wrong party.  *Daimler Chrysler Financial v. LNH, Inc.*, 2012-Ohio-2204, 971 N.E.2d 20121, ¶ 13 (8th Dist.) ("The filing of an action against a wrong party has been held to present a meritorious defense.").  Star First provided a number of documents showing that Star First and Abby Auto are separate and distinct entities and that Abby Auto, not Star First, was involved in the sale of the Chevrolet Cruze to Whitehead.  The trial court did not make a finding that the proffered defense was a sham. Therefore, the trial court was limited to determining whether Star First's defense, if true, stated a defense to the claims for relief set forth in the complaint.  Instead, the trial court found that Star First ultimately would not prevail on its proffered defense based on the Certificate of Title listing Star First as the previous owner of the vehicle.  But that finding is inappropriate in the Civ.R. 60(B) analysis.  *Rose Chevrolet* at 20.  We conclude that

the trial court abused its discretion by finding that Star First failed to satisfy the first prong of the *GTE* test.

{¶ 15} Given its disposition of the first prong of the *GTE* test, the trial court did not address the remaining two prongs of *GTE*, namely whether Star First is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5) and whether Star First's motion was made within a reasonable time.   The trial court should have the opportunity, in the first instance, to address these two remaining prongs.

{¶ 16} The sole assignment of error is sustained and the cause will be remanded to the trial court to consider the remaining prongs of the *GTE* test and determine whether Star First is entitled to relief from judgment pursuant to Civ.R. 60(B).

## III. Conclusion

{¶ 17} Having sustained Appellant's sole assignment of error, the trial court's decision overruling Appellant's motion for relief from judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.


Copies mailed to:

Elizabeth Ahern Wells
Ronald L. Burdge
James D. Miller, II
Hon. Gregory F. Singer