[Cite as *Alten v. Scott*, 2018-Ohio-4128.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Sarah Alten, :

      Petitioner-Appellee, :

           No. 18AP-141

v. : (C.P.C. No. 17DV-1705)

Charlie Scott, : (ACCELERATED CALENDAR)

      Respondent-Appellant. :

D E C I S I O N

Rendered on October 11, 2018

**On brief:** *Capital University Law School Family Advocacy Clinic*, and *Corinne M. Buker*, for appellee. **Argued:** *Corinne M. Buker*.

**On brief:** *Charlie Scott*, pro se. **Argued:** *Charlie Scott*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations.

KLATT, J.

{¶ 1} Respondent-appellant, Charlie Scott, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that granted petitioner-appellee, Sarah Alten, a domestic violence civil protection order ("CPO") pursuant to R.C. 3113.31. For the following reasons, we affirm that judgment.

{¶ 2} Alten filed a petition seeking a CPO against Scott on November 29, 2017. After an ex parte hearing, a magistrate granted Alten a short-term CPO and set a full hearing for December 11, 2017. On that date, the trial court issued a continuance of the full hearing and rescheduled the matter for January 24, 2018. On January 24, 2018, the trial

court continued the full hearing a second time, rescheduling it for February 6, 2018. The trial court held a full hearing on February 6, 2018, and it issued a CPO effective until February 6, 2022.

{¶ 3}   Scott now appeals the CPO and assigns the following error:

> the trial count was asked for a continuance due to there was criminal charges pending and both party agreed to the continuance but then found out it was a 11 case so it was proceed but the court could have done was to dismiss the previous case and start a new case with a new case number to grant both parties the continuance. I was advised not to testify and invoked my 5th Amendment rights, and, therefore, were unable to adequately defend myself.[1]

{¶ 4}   We construe Scott's assignment of error as a challenge to the trial court's alleged refusal to grant a continuance immediately prior to the February 6, 2018 hearing. We, however, cannot review this challenge because Scott has not filed a transcript of the February 6, 2018 proceedings.

{¶ 5}   "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. The appellant has the responsibility to provide a transcript of the proceedings because the appellant bears the burden of showing error by reference to matters in the record. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 6}   Here, without a transcript, the record contains no indication that the parties moved for a continuance, much less the reasons the parties supposedly wanted a continuance, the trial court's ruling on the alleged motion for a continuance, or the trial court's reasoning for its alleged ruling. Without that information, we have nothing to review, so we must presume the validity of the trial court's proceedings and affirm.

---

[1] We quote Scott's assignment of error verbatim, without correcting any grammatical or punctuation errors.

{¶ 7}    For the foregoing reasons, we overrule Scott's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————