[Cite as *In re Estate of Holmes*, 2019-Ohio-1584.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE ESTATE OF: | JUDGES:<br>Hon. William B. Hoffman, P.J |
| PATTY A. HOLMES<br>(Deceased) | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| | Case No. 18CA0006 |
| | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Morrow County Court of Common Pleas, Probate Division, Case No. 2016 EX 18405 |
| JUDGMENT: | Affirmed in part, and Reversed and Remanded in part |
| DATE OF JUDGMENT ENTRY: | April 22, 2019 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant | For Defendant-Appellee |
| MINDY K. YOCUM<br>7652 Sawmill Road, Ste. 263<br>Dublin, Ohio 43016 | JOHN S. DILTS<br>28 South Park Street<br>Mansfield, Ohio 44902 |

*Hoffman, P.J.*

{¶1} Appellant Jeanette Holmes appeals the May 23, 2018 Journal Entry entered by the Morrow County Court of Common Pleas, Probate Division, which ordered her to pay Appellee Donald Holmes $93,349.00.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee are the adult children of Patty A. Holmes ("Decedent"). Decedent died on April 20, 2008. Decedent's Last Will and Testament provided all of her tangible personal property be equally divided between Appellant and Appellee. Pursuant to the Will, all residue of the Estate was to be divided equally between Decedent's two children.

{¶3} On April 4, 2016, Appellant filed an Application to Probate Will and an Application for Authority to Administer Estate, requesting she be appointed as fiduciary. Although named as a co-fiduciary, Appellee initially declined to serve due to health issues. On June 17, 2016, the trial court appointed Appellant as fiduciary. In a correspondence dated July 10, 2016, and filed July 14, 2016, Appellee requested the trial court appoint him as co-executor, explaining he was well enough to fulfill the role.

{¶4} The trial court conducted a hearing on August 31, 2016.[1] Appellant advised the trial court there were only four tangible or intangible Estate assets, consisting of certain asbestos claims which could have been asserted prior to Decedent's death or should have be asserted shortly after her passing. Appellee indicated there were at least three other possible Estate assets, to wit: a mobile home located at 7394 St. Rt. 97, Lot 108, Mansfield, Ohio, which has been occupied by Appellant since Decedent's death; a

---

[1] The facts set forth in the instant paragraph are taken from the trial court's May 23, 2018 Journal Entry, which sets forth a Case History. See p.4 of 5/23/18 Journal Entry.

2003 Pontiac Vibe, which has been driven exclusively by Appellant since Decedent's death; and possible bank accounts which Appellant may have transferred to herself following Decedent's death. Appellee also informed the trial court he had been compelled to seek a judgment against Appellant in the Morrow County Municipal Court for her portion of Decedent's funeral expenses, which Appellee had paid in full.

**{¶5}** An Amended Inventory and Accounting was approved on January 25, 2017. The Amended Inventory included a date of death valuation of $10,500.00 for the 2003 Pontiac Vibe and a date of death valuation of $4,000.00 for the mobile home. The case moved slowly as issues were resolved and others came to the forefront. Appellant asserted she should receive an offset or claim for insurance premiums, real estate taxes, utility bills, lot rent, and other costs she incurred. Appellant had exclusive and sole use of Decedent's property throughout the course of the proceedings. Appellee filed a claim for reimbursement from the Estate of $775.00 as monthly rent on the mobile home and $150 as weekly car rental, as well as one half of the funeral and cemetery expenses totaling $3,098.00, which he paid in full.

**{¶6}** The trial court conducted a hearing on April 16, 2018, on the two remaining issues, to wit: the fair market rental value of the mobile home and the fair market value of the Pontiac Vibe. Via Journal Entry filed May 23, 2018, the trial court ordered the value of the mobile home and the automobile as well as the remaining balance of the Estate assets in the amount of $11,350.30 be divided equally. However, the trial court ordered the amount due to Appellant be offset by $91,800.00. The trial court arrived at this figure by determining a fair rental value of $18,360.00/year for the Decedent's mobile home, its contents, and the automobile ($10,560.00 for the mobile home and $7,800.00 for the

vehicle) multiplied by 10, the number of years Appellant had control and use of the property, then divided by 2 for the two Estate beneficiaries. The trial court ordered Appellant to pay Appellee $1,549.00, one half of the funeral and cemetery expenses.

{¶7} It is from this judgment entry Appellant appeals, raising the following assignments of error:


I. THE TRIAL COURT'S DETERMINATION THAT $500.00 IS THE APPROPRIATE BASE MONTHLY RENTAL VALUE FOR THE MOBILE HOME WAS NOT BASED ON SUBSTANTIAL EVIDENCE.

II. THE TRIAL COURT'S DETERMINATION THAT $150.00 IT HE [SIC] APPROPRIATE BASE WEEKLY RENTAL VALUE FOR THE PONTIAC VIBE IS NOT BASED ON SUBSTANTIAL EVIDENCE.

III. THE TRIAL COURT ERRONEOUSLY DETERMINED, DURING THE FINAL HEARING, THAT APPLIANCES SHOULD ALSO BE AN ISSUE FOR RENTAL VALUE WITHOUT NOTICE TO THE PARTIES. IN FURTHER ERROR, THE BASE MONTHLY RENTAL VALUE CALCULATED FOR THESE APPLIANCES IS NOT BASED ON SUBSTANTIAL EVIDENCE.

IV. THE TRIAL COURT ERRONEOUSLY DETERMINED THAT MS. HOLMES SHALL BE RESPONSIBLE FOR ONE-HALF OF THE DECEDENT'S FUNERAL EXPENSES; HOWEVER, THIS MATTER HAS ALREADY BEEN LITIGATED THROUGH SMALL CLAIMS WITH A JUDGMENT TO MR. HOLMES. THUS, THE TRIAL COURT ERRED IN

MAKING THAT DEBT A MATTER FOR THIS COURT.

I, II

**{¶8}** We choose to address Appellant's first and second assignments of error together. In her first assignment of error, Appellant contends the trial court's determination $500.00 was an appropriate base monthly rental value for the mobile home was not based upon substantial evidence. In her second assignment of error, Appellant submits the trial court's determination $150.00 was an appropriate base weekly rental value for the Pontiac Vibe also was not based upon substantial evidence. As best we can determine, Appellant appears to argue the trial court's determinations as to the rental values are against the manifest weight of the evidence.

**{¶9}** We note Appellant failed to file a transcript of the April 16, 2018 hearings in this Appeal as required by App.R. 9(B). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Because Appellant has failed to provide this Court with a transcript, we must presume the regularity of the proceedings below and affirm. It is the duty of an appellant to ensure the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 56 (1988).

**{¶10}** Appellant's first and second assignments of error are overruled.

III

**{¶11}** In her third assignment of error, Appellant asserts the trial court erred in determining, during the final hearing and without notice to the parties, the appliances should be included in calculating the rental value, and the value placed assigned to the appliances was not based upon substantial evidence.

**{¶12}** As there is no transcript of the April 16, 2018 hearing, this Court has no way of determining whether Appellant objected to the admission of testimony and/or evidence regarding the value of the appliances. Without evidence she objected, Appellant has failed to properly preserve the issue she now assigns as error on appeal. *See Hudson v. P.I.E. Mut. Ins. Co.,* 10th Dist. No. 10AP–480, 2011–Ohio–908, ¶ 12, quoting *Gentile v. Ristas,* 160 Ohio App.3d 765, 2005–Ohio–2197, ¶ 74 (10th Dist.) We must presume regularity of the trial court's proceedings and conclude the testimony and/or evidence supported the trial court's findings with respect to the value of the appliances.

**{¶13}** Appellant's third assignment of error is overruled.

IV

**{¶14}** In her final assignment of error, Appellant maintains the trial court erred in determining she was responsible for one-half of Decedent's funeral expenses as the matter had already been litigated in Morrow County Municipal Court, which resulted in a judgment in favor of Appellee, arguing the doctrine of res judicata barred further action by the trial court.

**{¶15}** As set forth in ¶4, supra, the trial court noted, in its May 23, 2018 Journal Entry, Appellee sought a judgment in Morrow County Municipal Court against Appellant for her half of Decedent's funeral expenses. The trial court found the funeral and

cemetery expenses totaled $3,098.00, which Appellee had paid in full. The trial court ordered Appellant to pay Appellee $1,549.00, as reimbursement for her share of said expenses.

{¶16} Appellant claims the Morrow County Municipal Court granted judgment in favor of Appellee and against her in the amount of $880.59, specifically for the funeral expenses. In support of her position, Appellant attached Exhibit G to her Brief to this Court. Exhibit G is a copy of an October 13, 2009 Decision issued by the magistrate of the Morrow County Municipal Court, which awards judgment in favor of Appellee and against Appellant in the amount of $880.59.

{¶17} We are unable to ascertain from the magistrate's decision the nature of the underlying claim(s) upon which judgment was granted to Appellee. As discussed, supra Appellant failed to file the transcript which could provide a context for this decision; therefore, we cannot determine whether the $880.59 awarded to Appellee in the October 13, 2009 Decision was for reimbursement of the funeral expenses. Although we find the trial court did not err in considering this claim, we reverse the judgment of the trial court as to the amount owed by Appellant to Appellee for reimbursement of Decedent's funeral expenses. The trial court is ordered to determine whether the October 13, 2009 Decision issued by the Muskingum County Municipal Court is a judgment for the funeral expenses. If the trail court so determines, the trial court should offset that amount against its order Appellant pay Appellee $1,549.00 as reimbursement for her share of said expenses.

{¶18} Appellant's fourth assignment of error is sustained.

{¶19} The judgment of the Morrow County Court of Common Pleas, Probate Division, is affirmed, in part, and reversed, in part. The matter is remanded to the trial court to determine the amount owed by Appellant to Appellee for reimbursement of Decedent's funeral expenses.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur